CENTRAL LINE OF BOATS, plaintiff in error, *vs.* CHARLES M. LOWE, defendant in error.

When a common carrier, by steamboat, undertook to carry cotton under a special contract, in which it was stipulated that he was not to be liable for unavoidable accidents, and one of the bags of cotton was lost by falling into the river, in consequence of the breaking of "the hog chain," or rod, against which the cotton was piled on the deck of the boat; and on a suit brought for the loss, the defendant proved that the rod had been lately examined, and that it appeared sound ; that it had previously borne heavier weights, and that it broke in consequence of a hidden flaw :

*Held,* That it was not error in the Court to charge the jury, that if the cotton was lost under these circumstances, the defendant was liable.

Common carriers.   Negligence.   Before Judge JOHNSON. Muscogee Superior Court.   October Term, 1872.

Charles M. Lowe brought an action against the Central Line of Boats to recover the value of one bale of cotton. The declaration alleged that the defendant was the owner of a steamboat on the Chattahoochee river at Florence, and bound for Columbus; that plaintiff shipped three bales of cotton by

said steamboat, to be safely and securely delivered, in good order, at Columbus, the dangers of river navigation, fire and unavoidable accidents excepted; that, although the defendant was not prevented by dangers of river navigation, fire or unavoidable accident, yet they failed to deliver the same.

An amendment was made at the trial, adding an ordinary count against a carrier, and omitting the exceptions; also, an amendment in trover.

The defendant pleaded the general issue, and that it was prevented by unavoidable accident from delivering the cotton. The case was submitted to the jury upon these issues.

Plaintiff introduced the bill of lading given for the cotton, which contained the exceptions set forth in first count in declaration, and proved failure to deliver.

Defendant showed that the loss was occasioned by the breaking of the hog chain, which is an iron rod used to support the guards of the boat; that this hog chain was not broken by the weight of the cotton, but on account of a secret flaw in the iron; that this flaw was not known to the officers of the boat until after it had broken; that the hog chain had been examined half an hour before the accident, and it was then apparently as sound as it ever was; that much greater loads had been carried on the guards.

The captain of the boat certified that the cotton was not lost by negligence, but by an unforeseen accident.

The Court charged the jury as follows: "That if, by the breaking of the hog chain, the cotton was thrown overboard and thereby lost, the defendant was liable to the plaintiff for it, though the flaw in the chain may have been concealed and undiscovered by the defendant, as disclosed by the testimony."

Under this charge, the jury found for the plaintiff.

The defendant excepts to this charge, and assigns the same as error.

PEABODY & BRANNON, for plaintiff in error.

MOSES & DOWNING, for defendant.

Central Line of Boats *vs.* Lowe.

McCay, Judge.

There is, doubtless, a distinction between an "act of God" and an "unavoidable accident." The former covers only natural accidents, such as lightning, earthquakes, tempests, and the like, and not accidents arising from the negligence or act of man: 2 *Kelly*, 349; Campbell *vs.* Morse, Harper's Reports, 468; 2 Dana., 430; 4 Stew. & Port., 382; and, doubtless, it was the intent of the parties here to go further than to protect the carrier against the "act of God," since he was not liable for that in any event. But to make out the case of an exemption for a carrier, against either the "act of God," or "unavoidable accident," there must be a *vis major*—the interfering cause must be irresistible. The very words "unavoidable accident" imply this. If by any care, prudence or foresight, the thing could have been guarded against, then it is not "unavoidable."

It seems absurd to say that it was not possible to have avoided the breaking of this chain or rod. It ought to have been *made* stronger—it ought to have been tested. The case is one of a simple failure to have a good vessel. This was, doubtless, an accident, and were that the only word used in the agreement, the carrier would be excused; but the words are far stronger than this. As we understand the words, they mean an irresistible cause, standing exactly on the footing of an act of God, except that it is the product of human agency.

We are clear this is not such an accident as was "unavoidable." It was negligence in the carrier to have so frail a "guard" in so important a place. He might just as well claim that any other simple accident was "unavoidable."

Judgment affirmed.