## JARMAN *v.* WESTBROOK, and *vice versa.*

1. Where one makes a voluntary written offer to sell a described tract of land for a stated sum of money, conditioned upon the sale being consummated within a specified time, a parol acceptance of the offer by the person to whom the option is given, without payment or tender of the purchase-money within the time limited, does not entitle the promisee to have specific performance of the contract because of a tender made after the expiration of the specified time.

2. "A contract which must, under the statute of frauds, be in writing, and which, accordingly, is put in writing and duly executed, can not be subsequently modified by a parol agreement."

FEBRUARY 17, 1910.

Action upon contract.    Before Judge Lewis.    Baldwin superior court.    November 2, 1908.

*Allen & Pottle,* for plaintiff.

*Cruger Westbrook* and *D. B. & D. S. Sanford,* for defendant.

EVANS, P. J.    E. L. Jarman brought suit against A. C. Westbrook, praying a judgment for damages for breach of an alleged contract of sale of land.    The petition was amended by adding a prayer for specific performance of the contract.    The material allegations of the petition are: that A. C. Westbrook is the owner of a certain described tract of land known as the Baldwin place; and that on November 17th, 1905, he wrote a letter to the plaintiff, proposing to sell him the land.    The letter is as follows: "Albany, Ga., November 17th, 1905.    Mr. E. L. Jarman, Covington, Ga.    My Dear Sir:—Thanks for yours 16th inst., in re of selling my 'Baldwin Place,' containing 1,050 acres.    You are mistaken about me ever offering it at $11.00 per acre.    I have had more than that offered time and again.    I did say, however, that I would sell at about what it cost me to improve the place, viz., $12.50 per acre, $13,125.00, on easy terms, and will take that for it, no less, if deal

is closed by 25th inst. If I do not sell the whole place by then, I am honor bound to sell ½ interest to a friend and good farmer at $12.50 per acre for the land and for interest in all personalty at a valuation to be fixed by competent and disinterested parties. I prefer a sale of the whole, on account of old age and a desire to concentrate my pecuniary affairs in Albany, my old home. If I could recall 25 years of my life, $25 per acre would not purchase my 'Baldwin Place.' I will net over $4,000.00 on it this year. I shall be home Sunday, 19th inst., on 2 p. m. C. R. R. train, and return here following Sunday. Yours truly, A. C. Westbrook." On November·23, 1905, the plaintiff had an interview with Westbrook, and verbally accepted the offer, and agreed to pay the sum named in the letter in cash, and it was agreed between them in parol that both parties to the contract should come to Milledgeville, Georgia, on November 27, 1905, and close the trade by Westbrook conveying to petitioner the land and petitioner paying to Westbrook the purchase-money. It was further agreed in parol that petitioner was to assume an outstanding mortgage of $5,000.00, and pay Westbrook the remainder of the purchase-money in cash. It was alleged, that Jarman came to Milledgeville on November 27, according to agreement, and Westbrook failed to meet him; since which time he has been continuously ready and willing to pay· the purchase-money in accordance with the agreement, and has repeatedly demanded of Westbrook a conveyance of the land and has repeatedly tendered to him the purchase-money. The damages claimed were $5,000, the difference in the market value and the contract price, $500 counsel fees, and $250 in traveling expenses. The plaintiff demurred generally to the petition, and specially to the paragraph alleging tender. Pending the suit Jarman died, and by agreement of parties his widow was substituted as party plaintiff in his stead. The court allowed an amendment changing the prayer to one for specific performance, and then dismissed the· petition on demurrer. The plaintiff excepted.

There was no error in dismissing the petition. The letter is but a voluntary proposal to sell a tract of land at a given price, if the offer be accepted within a specified time. So long as the offer was not withdrawn Jarman had the right, within the period of time limited for acceptance, to tender the amount stipulated as the purchase-price and receive a conveyance of the property from

Westbrook. *Perry* v. *Paschal,* 103 *Ga.* 138 (29 S. E. 703) ; *Brown* v. *Bowman,* 119 *Ga.* 153 (46 S. E. 410) ; *Goodman* v. *Spurlin,* 131 *Ga.* 588 (62 S. E. 1029). Instead of paying or tendering the stipulated purchase-price, Jarman did nothing within the time limited for compliance with the proposal to sell, except to verbally accept, under a parol agreement to meet the owner of the land at a later date for the purpose of closing the trade. Time was of the essence of the proposal of sale; and upon Jarman's failure to pay or tender the purchase-money within the time specified, the offer to sell expired by its own limitation. The tender made on November 25, after the time for complying with the proposal of sale had expired, was ineffectual to revivify the option.

Nor will the parol agreement that the parties should meet at Milledgeville on a day subsequent to the time limited in the written option, and there close the trade on terms different from those stated in the written option, entitle the plaintiff to specific performance. The statute of frauds requires that a contract for the sale of an interest in lands shall be in writing, and any modification of a written contract, required by law to be in writing, must also be in writing in order to be valid. *Hawkins* v. *Studdard,* 132 *Ga.* 265 (63 S. E. 852).

*Judgment on main bill affirmed; cross-bill dismissed. All the Justices concur.*