*D. F. Pope* and *R. M. W. Glenn*, contra.

---

ELROD *v.* CAMP, FLANIGAN & TOOLE *et al.*

1. A suit upon a note made jointly by two persons can not be maintained against one alone, where it does not appear that the other maker is dead or can not be found and served.

2. A contract duly executed in writing for the sale of land, within the statute of frauds, can not be subsequently modified by an agreement in parol.

3. The amendment offered by the plaintiffs and allowed by the court did not allege a valid reason for the action against but one of the two joint makers of the notes sued on.

No. 1402.    FEBRUARY 26, 1920.

Complaint. Before Judge Cobb. Barrow superior court. October 10, 1918.

*P. Cooley* and *John J. & Roy M. Strickland*, for plaintiff in error.

*W. H. Quarterman* and *Lewis C. Russell*, contra.

FISH, C. J. Camp, Flanigan & Toole sold to W. M. Elrod and J. H. Elrod certain land, delivering to them a bond to make them title upon the payment, by "the said parties of the second part" (the two Elrods), of the purchase-price, a substantial portion of which was paid in cash, and for the balance a series of joint

promissory notes were given by the two Elrods to Camp, Flanigan et al., which notes were specifically and fully described in the bond, as to date, maturity, principal, interest, etc. The purchasers went into possession and upon default in payment of several of the notes at maturity, Camp, Flanigan & Toole brought suit on them against W. M. Elrod alone, who in his answer denied that he was indebted on the notes, and set up several reasons why he was not. On the trial the defendant moved to dismiss the case, on the ground that the notes were joint only, and that an action thereon would not lie against him alone, it not being alleged that J. H. Elrod, the other joint maker, was dead or beyond the jurisdiction of the court, or that he could not be served. Thereupon the plaintiffs were allowed to amend their petition as follows: "Plaintiffs show to the court that while the notes sued upon are signed by W. M. Elrod and J. H. Elrod jointly, that soon after the trade was made and after W. M. Elrod and J. H. Elrod had been in possession of said tract of land for about one year, the said J. H. Elrod, who is a son of W. M. Elrod, moved off of the land, and turned over all of his interest to his father, and since that time W. M. Elrod has been in exclusive possession and control of said tract of land and has exercised sole ownership of same, and has repeatedly informed plaintiffs that the said J. H. Elrod has no further interest in said tract of land or the payment of the notes given therefor or the bond for title thereto. The said J. H. Elrod stated to plaintiffs that all of his interest had been transferred to his father, W. M. Elrod. Plaintiffs consented to the release of said J. H. Elrod from any liability under and by virtue of said notes, and now and here renounce any claim or demand against said J. H. Elrod on said notes. Wherefore plaintiffs pray that the final decree rendered in this cause release and relieve said J. H. Elrod from any liability upon the notes sued upon or any other notes of the series of which they are a part, and further that by proper decree plaintiffs be relieved and released from any obligation to J. H. Elrod and B. Elrod by virtue of the bond for title executed by plaintiffs or plaintiffs and J. B. Williams to W. M. Elrod, J. H. Elrod, and B. Elrod." The defendant objected to the allowance of this amendment and to the evidence introduced by plaintiffs to sustain the same; and a verdict having been rendered against him, among other complaints of alleged errors he assigned error upon the overruling of his

motion to dismiss the case, the allowing of the amendment, and the admission of specified evidence to sustain it. These assignments of error are here for review and adjudication.

1. The liability of the makers of the notes being joint only, a separate suit against one could not be maintained, where it did not appear that the other was dead or could not be found and served. *Graham* v. *Marks,* 95 *Ga.* 38 (21 S. E. 986) ; *Lippincott* v. *Behre,* 122 *Ga.* 543 (50 S. E. 467).

2. "Any contract for sale of lands, or any interest in or concerning them," to be "binding on the promisor, must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized." Civil Code (1910), § 3222 (4).

3. "A contract which must, under the statute of frauds, be in writing, and which accordingly is put in writing and duly executed, can not be subsequently modified by a parol agreement." *Willis* v. *Field,* 132 *Ga.* 242 (63 S. E. 828) ; *Moore* v. *Collier,* 133 *Ga.* 762 (66 S. E. 1080) ; *Jarman* v. *Westbrook,* 134 *Ga.* 19 (67 S. E. 403).

4. The contract between the plaintiffs and W. M. Elrod and J. H. Elrod was for the sale of land, and, as the statute requires, was put in writing and duly executed. The amendment allowed sought to modify this contract by a subsequent parol agreement to the effect that J. H. Elrod, one of the obligees in the bond for title, and one of the makers of the joint notes, had by parol agreement with W. M. Elrod, the other obligee in the bond, and the other maker of the joint notes, transferred or released all his interest in the land and bond for title to W. M. Elrod, and that the latter had assumed sole liability on the notes, and that the plaintiffs had agreed with the two Elrods as to this release and that J. H. Elrod should be released from liability on all the purchase-money notes, and that W. M. Elrod alone should be bound thereby, and that the plaintiffs should be relieved from any obligation on the title bond to J. H. Elrod.

(*a*) It was not permissible to modify the written contract for the sale of land by the subsequent parol contract set out in the amendment.

(*b*) The amendment therefore did not allege a valid reason to authorize the plaintiffs to sue W. M. Elrod alone on the joint notes; and accordingly the judge erred in allowing the amendment and overruling the motion to dismiss the case.

*Judgment reversed. All the Justices concur, except Gilbert, J.,
absent on account of sickness.*