## BROADWELL *v.* SMITH, administratrix, *et al.*

ATKINSON, J. 1. It has been held: " A plaintiff in execution who, at the instance of the defendant in execution in possession of land under a deed, bids off the land at a sheriff's sale, under a parol agreement with the defendant that he will buy in the land and take the sheriff's conveyance to himself for the benefit of the defendant and allow the defendant to redeem the land upon the payment of the judgment (the value of the land exceeding the amount of the judgment), and who, while the bidding is in progress, discourages bidding by others by stating that he is bidding in behalf of the defendant, holds as trustee for. the latter such title as he derives from the sheriff, and, on being paid or tendered in due time the amount of the judgment with interest, may be compelled by decree to convey the premises to the defendant in execution by release or quitclaim deed." Also: " Whether the contract be such as is provable by parol or is required by the statute of frauds to be in writing, it must be certain and unequivocal in all its essential terms either within itself or by reference to some other agreement or matter, or it can not be specifically enforced. The certainty required must extend to all the particulars essential to the enforcement of the contract." *Dowling* v. `Doyle, 149 Ga. 727 (102 S. E. 27).

2. Where the owner of land upon a valuable consideration grants an option to another to buy the land within a stated time, time is of the essence of the contract; and in order to raise a binding promise on the part of the optionor to sell, the optionee must make an election and offer to perform within the time stipulated in the option contract. *Hughes* v. *Holliday,* 149 *Ga.* 147 (99 S. E. 301). A subsequent agreement by the optionor to· extend the time, whether made before or after the time limited for exercise of the original option, must be supported by a valuable consideration, as such agreement is in effect a new option. 27 R. C. L. 343, § 40, and cases cited.

3. The basis of the plaintiff's case as alleged in the petition was a parol agreement by the attorney at law of the plaintiff in fi. fa. with the

defendant in fi. fa., duly ratified by the plaintiff in fi. fa., that the latter should buy in the property for the benefit of the former and should give 12 months from the date of the sale, in which the property might be redeemed by the payment of the amount of the debt due the plaintiff in fi. fa., and that a few days before expiration of the term specified in the option agreement, the plaintiff in fi. fa. verbally agreed with the defendant in fi. fa. to extend the time for exercise of the option to a specified date. On the trial no evidence was introduced tending to show acceptance of the option and offer to perform its conditions by the defendant in fi. fa. within the 12 months as therein specified. An effort was made to show acceptance and offer to perform the conditions of the option within the time specified in the alleged extended option. There was no evidence of any new consideration for the extended option. Referring to extension of the option, there was evidence that the option stated " a certain time " in which the optionee might redeem, but the evidence relied on to show the particular time in which to redeem was too vague and indefinite to form a basis for holding that the tender and offer to redeem was within the time so stipulated. Accordingly, the judge did not err, under application of the principles of law announced in the preceding notes to the pleadings and evidence, in granting a nonsuit.

*Judgment affirmed. All the Justices concur, except Hill, J., absent.*

No. 2343. SEPTEMBER 30, 1921.

Equitable petition. Before Judge Searcy. Cobb superior court. November 1, 1920.

*G. F. Gober, H. B. Moss,* and *Mozley & Gann,* for plaintiff.

*J. Z. Foster, Anderson & Roberts,* and *Clay & Blair,* for defendants.