18840. GULF OIL CORPORATION *v.* WILLCOXON.

ARGUED FEBRUARY 14, 1955—DECIDED MARCH 15, 1955.

*Whelchel & Whelchel,* for plaintiff in error.

*Gibson & DeLoach,* contra.

HEAD, Justice. ▪ "The obligation by which one binds himself to sell, and leaves it discretionary with the other party to buy, is what is termed in law an option, which is simply a contract by which the owner of property agrees with another person that he shall have a right to buy the property at a fixed price within a certain time." *Black* v. *Maddox,* 104 *Ga.* 157, 162 (30 S. E. 723). In the present case the agreement is an option. *Franklin* v. *McCormick,* 182 *Ga.* 757 (187 S. E. 6).

From the allegations of the petition it is not clear whether the plaintiff relies upon an extension of the option by agreement in parol, or whether it relies upon an extension of the option as a matter of right on the basis of "unavoidable" delay.

An agreement resting wholly in parol whereby one promises to sell to another an interest in land upon payment within a given time of a specified amount is within the statute of frauds. Code § 20-401 (4); *Lyons* v. *Bass,* 108 *Ga.* 573 (34 S. E. 721); *Neely* v. *Sheppard,* 185 *Ga.* 771, 775 (196 S. E. 452). "A contract which must, under the statute of frauds, be in writing, and which, accordingly, is put in writing and duly executed, can not be subsequently modified by a parol agreement." *Augusta Southern R. Co.* v. *Smith & Kilby Co.,* 106 *Ga.* 864 (33 S. E. 28); *Willis* v. *Fields,* 132 *Ga.* 242 (63 S. E. 828); *Hawkins* v. *Studdard,* 132 *Ga.* 265, 266 (63 S. E. 852, 131 Am. St. R. 190); *Elrod* v. *Camp, Flanigan & Toole,* 150 *Ga.* 48, 50 (102 S. E. 357); *National Finance Corp.* v. *Eicholz,* 165 *Ga.* 799 (142 S. E. 134); *Nowell* v. *Mayor &c. of Monroe,* 177 *Ga.* 648, 651 (171 S. E. 136); *Stonecypher* v. *Georgia Power Co.,* 183 *Ga.* 498, 502 (189 S. E. 13).

In so far as the plaintiff may rely upon an extension in parol by the defendant of the time in which the plaintiff might exercise

its option, such extension would be void, because a valid extension could be made only in writing.

In *Broadwell* v. *Smith*, 152 *Ga.* 161 (108 S. E. 609), it was held: "Where the owner of land upon a valuable consideration grants an option to another to buy the land within a stated time, time is of the essence of the contract; and in order to raise a binding promise on the part of the optionor to sell, the optionee must make an election and offer to perform within the time stipulated in the option contract. . . A subsequent agreement by the optionor to extend the time, whether made before or after the time limited for exercise of the original option, must be supported by a valuable consideration, as such agreement is in effect a new option." See also *Mattox* v. *West*, 194 *Ga.* 310, 315 (21 S. E. 2d 428); *Jones* v. *Smith*, 206 *Ga.* 162, 163 (56 S. E. 2d 462).

A subsequent agreement by the optionor to extend the time in which the optionee might purchase the property must be supported by a valuable consideration, since the extension would be in effect a new option.

The allegations of the petition are wholly insufficient to show any "unavoidable" delay arising in "examination of the title, securing of permit, survey or otherwise." "Unavoidable" means not avoidable; incapable of being shunned or prevented; inevitable. Webster's Unabridged Dictionary (2d ed.), p. 2759. In *Fish* v. *Chapman & Ross*, 2 *Ga.* 349, it was said that "unavoidable is synonymous with inevitable, and inevitable or unavoidable accidents are the same with the acts of God." In *Central Line of Boats* v. *Lowe*, 50 *Ga.* 509, 511, it was said: "If by any care, prudence or foresight, the thing could have been guarded against, then it is not 'unavoidable.' "

The allegations of the petition show neither "unavoidable" delay, nor performance by the plaintiff. Construing the petition most strongly against the pleader, as we must on general demurrer, the allegations show nothing more than inaction by the plaintiff, and inaction is not performance. *Augusta Southern R. Co.* v. *Smith & Kilby Co.*, supra; *Hawkins* v. *Studdard*, supra; *Neely* v. *Sheppard*, supra. The plaintiff could not, therefore, as a matter of right rely upon any extension of time in which to exercise its option to purchase under the provisions of the agreement with reference to "unavoidable" delay.

■ In a supplemental brief the plaintiff insists that its petition is based upon the case of *Phinizy* v. *Guernsey,* 111 *Ga.* 346 (36 S. E. 796, 50 L. R. A. 680, 78 Am. St. R. 207), and that the latter case is controlling on the right of the plaintiff to have the judg-ment of the court below reversed. The *Phinizy* case is not in point on its facts with the present case and does not sustain the plaintiff's contentions. The first statement in the *Phinizy* case was: "This was an action brought for the purpose of compelling the specific performance of a contract for the sale of land." In the present case the contract is not one for the sale of land, but an option whereby the defendant agreed for a stated considera-tion that the plaintiff would have the right to purchase described lands within a specified time. The rights of the parties under a contract of sale and an option are in no sense the same.

Time is not generally of the essence of a contract of sale, but by express stipulation or agreement it may become so. Code § 20-704 (9); *Ellis* v. *Bryant,* 120 *Ga.* 890 (48 S. E. 352); *Burk-halter* v. *Roach,* 142 *Ga.* 344 (3) (82 S. E. 1059). The rule with reference to options is just the reverse, and an option is peculiarly an agreement of which time is of the essence. *Larned* v. *Went-worth,* 114 *Ga.* 208 (39 S. E. 855); *Jarman* v. *Westbrook,* 134 *Ga.* 19 (67 S. E. 403); *Broadwell* v. *Smith,* supra. The rule in Georgia is the general rule. 55 Am. Jur. 509, § 40.

The distinction between a contract of sale and an option was stated by this court in *Hughes* v. *Holliday,* 149 *Ga.* 147, 150 (99 S. E. 301), in the following language: "The failure of the optionee to elect and to give notice of his election within the time limited in his contract, if there be stipulation as to time, and within a reasonable time implied by law in the absence of stipulation, ends his option rights. . . The distinction between a contract of sale and a contract to sell is important. The rule against for-feitures is applicable in the former case. Generally it has no application in the latter case. *The exercise of the right of elec-tion given to the optionee under an option contract is a condition precedent to the vesting of any property right in him;* hence the rule against forfeitures has no application." (Italics ours.)

The defendant insists that the court properly sustained his general demurrers for a number of reasons we have not set forth. The petition failed to state a cause of action for the relief sought

under the foregoing rules, and it would serve no useful purpose to rule upon all of the contentions made by the defendant.

*Judgment affirmed. All the Justices concur.*