37357.   SWINKS *v.* O'HARA, Bishop.

DECIDED NOVEMBER 4, 1958.

*Fred W. Kerr, Carl T. Hudgins,* for plaintiff in error.
*Sam P. McKenzie,* contra.

QUILLIAN, Judge. ■ " 'The obligation by which one binds himself to sell, and leaves it discretionary with the other party to buy, is what is termed in law an option, which is simply a contract by which the owner of property agrees with another person that he shall have a right to buy the property at a fixed price within a certain time.' *Black* v. *Maddox,* 104 *Ga.* 157, 162 (30 S. E. 723)." *Gulf Oil Corp.* v. *Willcoxon,* 211 *Ga.* 462, 465 (86 S. E. 2d 507). The instrument in the present case clearly fits this definition and is an option.

■ The defendant insists that the judge erred in overruling

its general demurrer to the petition because the plaintiff never exercised his right to purchase the property in question. The option placed a burden upon the defendant to have the property zoned for church and school purposes by the officials of DeKalb County. The plaintiff does not contend this condition was not complied with. The next burden placed upon the defendant was to "make good and marketable title to the property" in question. This leads us to the question of whether the defendant has a good and marketable title to the property. The definition in Georgia of a good and marketable title is clearly pronounced in *Winer* v. *Flournoy Realty Co.*, 27 *Ga. App.* 87 (2) (107 S. E. 398) as follows: "Where there is no express stipulation for a particular sort of title, such as a perfect record title, or a title subject to the purchaser's approval, ordinarily the only implication in an executory contract for the sale of land is a promise to convey a 'good title.' This term imports no more than a marketable title, or one free from reasonable doubt; that is, not only a valid title in fact, but one that can again be sold to a reasonable purchaser, or mortgaged to a person of reasonable prudence. *Cowdery* v. *Greenlee*, 126 *Ga.* 786 (2), 790 (55 S. E. 918, 8 L.R.A. (N.S.) 137) ; *Ellis* v. *Lockett*, 100 *Ga.* 719, 730 (28 S. E. 452)." See also, *Horne* v. *Rodgers*, 113 *Ga.* 224, 229 (38 S. E. 768). While it is true the property had covenants running with the land which prevented it from being used as a site for a church or school, this would not prevent it from being marketable, because it cannot be said that a reasonable man would neither purchase nor loan money on the property because of these restrictions.

The courts of some foreign jurisdictions have held contrary to that which is held here, but this court is bound by the previous holdings of the appellate courts of this State in which "marketable title" is defined.

The plaintiff also insists that the defendant agreed after execution of the option to obtain releases from the property owners of the subdivision and thereby remove the restrictive covenants from the property in question. Whether the plaintiff agreed to do this is immaterial because there being no new consideration shown the agreement would not be binding. *Gulf Oil Corp.* v.

*Willcoxon,* 211 *Ga.* 462, supra; *Jones* v. *Smith,* 206 *Ga.* 162 (56 S. E. 2d 462); *Broadwell* v. *Smith,* 152 *Ga.* 161 (108 S. E. 609).

The plaintiff having failed to exercise his option to purchase the property, the defendant was entitled to retain the $2,500. The judge erred in overruling the general demurrer to the petition.

*Judgment reversed. Nichols, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I concur in the judgment for the reason that it is not alleged in the petition that condition number one of the contract was not complied with, to wit: that the $2,500 was to be refunded if the property was not zoned for church and school purposes by the officials of DeKalb County, Georgia. If the property had been so zoned the plaintiff could have used the property for the purposes of school and church.