### 23977. SANDERS v. VAUGHN et al.

COOK, Justice. 1. "A contract which is required by the statute of frauds to be in writing, and which is therefore put in writing, can not be modified by a subsequent agreement in parol." *Gulf Oil Corp. v. Willcoxon,* 211 Ga. 462 (2) (86 SE2d 507); *Jarman v. Westbrook,* 134 Ga. 19 (2) (67 SE 403); *Elrod v. Camp, Flanigan & Toole,* 150 Ga. 48 (2) (102 SE 357).

2. The contract which the petitioner relies on is an oral modification of a written contract to sell land, and it is not binding on the seller. *Code* § 20-401 (4). Therefore the petitioner can not enforce the contract by specific performance, or recover damages for its breach.

3. The payment of $10 on the purchase price at the time of the execution of the written contract, which payment the seller was obligated to return if the sale was not consummated for reasons other than the default of the petitioner, would not amount to such part performance of the contract as would remove it from the operation of the statute of frauds under *Code* § 20-402 (3).

4. The trial judge properly sustained the general demurrers to the petition.

*Judgment affirmed. All the Justices concur.*

Submitted March 13, 1967—Decided April 6, 1967.

*Kimzey & Kimzey, Herbert B. Kimzey,* for appellant.

*Davis & Davidson, Jack S. Davidson, Robert H. Harris,* for appellees.