24020. EMPIRE MORTGAGE & INVESTMENT COMPANY v. DUNAWAY.

ARGUED APRIL 13, 1967—DECIDED JUNE 8, 1967— REHEARING DENIED JUNE 27, 1967.

*Edenfield, Heyman & Sizemore, W. Dan Greer,* for appellant.
*G. Hughel Harrison,* for appellee.

MOBLEY, Justice. The appeal by Empire Mortgage & Investment Company is from an order denying its motion for summary judgment. Weyman H. Dunaway, the appellee, brought a petition in three counts against the appellant. In the first count he sought to set aside a deed made pursuant to a foreclosure sale. The second and third counts prayed for damages and attorney's fees.

In Count 1, as amended, it was alleged that on July 9, 1965, the appellee executed a second security deed to Frank S. Lesser to described property, and on February 23, 1966, this deed was transferred by Lesser to the appellant. On April 8, 1966, the property was advertised for sale and was sold on the first Tuesday in May, 1966, to the appellant. The appellee tendered the payments for February, March, and April, 1966, to the appellant, but the payments were refused, and the appellee makes a continuing tender of these monthly installments. No payments were due on the debt secured by the deed at the time the debt was accelerated except those payments that were refused. There had been a mutual departure from the terms of the contract in that the maturity dates of the notes had never been strictly adhered to, and the appellee had made late payments to Lesser, the original holder of the security deed, and the appellee has never received any notice that he would be required to comply strictly with the due date as to the payments of the monthly installments. The appellee alleged that it is contended by the appellant that the note was in default at the time the deed was transferred to it. Therefore the appellant was not a holder in due course but took the deed subject to any defense or equity which could be pleaded as against the original grantee.

The appellant moved the trial judge to enter a summary judgment for it on each count of the petition, on the ground that there is no genuine issue as to any material fact and the appellant is entitled to a judgment as a matter of law on the basis of the testimony and exhibits received in evidence at the hearing on the rule nisi. This motion was denied.

1.  The first deed to secure debt was made by the appellee to Security Federal Savings & Loan Association of Atlanta, and the record does not indicate that this company has brought proceedings to foreclose its deed. It appears from the evidence that Lesser started advertising the property for sale under the second security deed, declaring the debt in default because of failure to keep insurance in force and because the appellee was behind on his payment on the first security deed. This notice was withdrawn because the appellant purchased the security deed made by the appellee to Lesser. At the time the transfer was made, the February payment on the second security deed was unpaid. There was uncontradicted evidence that most of the payments by the appellee to Lesser were made late, and that, while numerous letters had been written to the appellee calling his attention to the fact that the payments were overdue, the payments had been accepted, and neither Lesser nor the appellant ever gave the appellee notice that the terms of the deed should be strictly complied with in the future. All of the payments tendered to the appellant after the transfer of the deed were refused. The evidence does not indicate that any amount was due on the first security deed at the time the appellant declared the debt in default.

In *Murry v. Lett*, 219 Ga. 809, 811 (136 SE2d 348), this court held: " 'Where parties depart from the terms of a contract and receive or pay money under the departure, reasonable notice must be given to the other party of the intention to rely upon the exact terms of the contract before there can be any recovery for failure to comply with its exact terms. Until notice, such departure is a quasi new agreement.' *Verner v. McLarty*, 213 Ga. 472, 475 (1) (99 SE2d 890), and cases therein cited. A purchaser who acquires a note after default of an installment 'is not a holder in due course, but takes the instrument with notice of its dishonor, and subject to any defense or equity which could be pleaded as against the original payee.' *Verner v. McLarty*, 213 Ga. 472, 476, supra, and cases cited. Therefore, it is clear that the allegations of the instant petition were sufficient to show a contractual modification which was binding upon the defendant as a subsequent transferee, until she gave the requisite notice

of intent to require strict compliance with the terms of the original agreement."

Under the evidence submitted with the motion for summary judgment it can not be held as a matter of law that the appellant was authorized to refuse to accept the monthly installments tendered by the appellee after the transfer of the deed to the appellant.

2. It is strongly contended by the appellant that the debt was in default at the time the property was advertised for sale because of the failure of the appellee to pay insurance premiums. Mr. Conrad J. Sechler, owner of the Tucker Insurance Company, and president of the appellant, testified that: On July 8, 1965, the day prior to the execution of the security deed from the appellee to Lesser (transferred to the appellant on February 23, 1966), the Tucker Insurance Company wrote two policies of insurance for the appellee, one in the amount of $50,000, and the other in the amount of $15,000, insuring the premises described in the security deed. The premiums on these policies were never paid by the appellee. On March 29, 1966, after the transfer of the security deed by Lesser to the appellant, the appellant paid the premiums on these policies. They were never canceled, and were in force at the time of the hearing at which he testified.

The security deed which the appellant foreclosed provided that the appellee covenanted to keep the improvements on the property insured in the sum of blank dollars. It further provided that any "premium of insurance, not paid when due by the grantor, may be paid by the grantee, and any sum so paid shall be added to the amount of said principal debt as part thereof, shall draw interest from the time of said payment at the rate of eight per centum per annum, and shall, with interest, be covered by the security of this deed."

It is asserted by the appellant that the failure to insert an amount in the blank space provided in the security deed form with respect to insurance did not relieve the appellee from carrying insurance on the property because the second security deed recited that any default in the first security deed in favor of Security Federal Savings & Loan Association of Atlanta would

be deemed to be a default under the terms of the second security deed. The first security deed provided that the appellee should insure the premises "in at least their full insurable value," and this deed provided that if the grantor failed "to pay promptly when due" any insurance premium, the grantee has the option, without notice, to "declare the entire unpaid principal and all accrued interest . . . to be in default and immediately due and collectible."

Under the deed held by the appellant it was authorized to pay any insurance premiums due, and add such sums to the indebtedness. *Planters Oil Mill v. Carter*, 140 Ga. 808, 815 (79 SE 1120). The appellant elected to make such payments, rather than to leave the premiums unpaid. After the payment of the premiums, there were no unpaid premiums; the first security deed was not in default for the failure to pay premiums; and the second security deed could not be declared in default under the terms of the first security deed. Thus under the evidence no finding was demanded that the debt was in default because of the failure to pay insurance premiums.

The property was purchased at the sale by the holder of the deed, and no question arises as to the rights of a bona fide purchaser for value without notice of the equities of the parties. See *Phelps v. Palmer*, 192 Ga. 421 (2) (15 SE2d 503); *Mathis v. Blanks*, 212 Ga. 226 (4) (91 SE2d 509).

The pleadings and the evidence do not show that the appellant is entitled to judgment as a matter of law, and the trial judge did not err in denying the motion for summary judgment.

3. In the enumeration of errors it is asserted that in an order allowing counsel for the appellee to withdraw from the registry of the court the sum deposited as a continuing tender, it was erroneously stated that the case had been settled between the parties. Since the motion for summary judgment was filed subsequently to this order, and this motion was acted on by the trial judge, it is obvious that the statement in the former order that the case had been settled was inadvertently made.

4. No rulings pertaining to the second and third counts of the petition have been assigned as error in the present appeal, and no rulings are made on these counts.

*Judgment affirmed. All the Justices concur.*