## 28371. PERRY DEVELOPMENT CORPORATION v. COLONIAL CONTRACTING COMPANY, INC.

UNDERCOFLER, Justice. This is an action by Colonial Contracting Co., Inc., against Perry Development Corp. for specific performance, or in the alternative damages, of a contract for the sale of land. Colonial builds homes. Perry develops land for residential purposes. The principal stockholder of Perry is also the principal stockholder of Blake Perry Realty Company, a real estate sales company.

Colonial agreed to purchase "nine proposed lots to be developed as Unit IV, North Clouds Subdivision to be completed to Gwinnett County's specifications as per provisional plat by Hannon and Meeks, Surveyors, dated March 17, 1970, attached hereto and made a part hereof, to be recorded as Lots 9, 10, 11, 12, 13, 14 and 15, Block "C," and Lots 12 and 13, Block "A." Development to be of the same quality materials, etc., as Units II and III, street lights not being a part of the development." Two special stipulations of the contract provided: "Sale shall be closed on or before July 1, 1972," and "Blake Perry Realty Company to have sales listings of homes in accordance with Listings Agreement attached hereto and made a part hereof."

The sale was not closed on July 1, 1972, or thereafter. Colonial filed this suit on March 30, 1973. It claims the lots were not developed on July 1, 1972, and Perry waived performance on that specific date and the parties mutually extended the closing date. Perry contends (1) that the contract is too vague to be enforced, (2) that the contract expired by its terms, and (3) that Colonial has not complied with the contract. Colonial has purchased other lots from Perry in this same subdivision. This appeal is from the denial of Perry's motion for summary judgment. *Held:*

1. Perry contends that the provision of the contract which states, "Development to be of the same quality materials, etc., as Units II and III, street lights not being a part of the development" renders the contract too vague and uncertain to be specifically enforced. It argues that, ". . . it is absolutely impossible to determine what type of performance is required by the word 'et cetera' and it would be impossible to require a party to specifically perform an act 'et cetera'." We do not agree. ". . . [T]he majority of the cases interpret the term as relating to correlated matters or others of like character — matters within the rule of ejusdem generis." 12 AmJur 802, § 257. However, it

is sometimes declared to be mere surplusage. In our opinion that is the effect of the use of the word "etc." here. The contract provides that the property is ". . . to be completed according to Gwinnett County's specifications as per provisional plat of Hannon and Meeks, Surveyors, dated March 17, 1970, attached hereto and made a part hereof." It further provides, "Development to be of the same quality materials, etc., as Units II and III, . . ." In our opinion the word "etc." merely affirms that the development is to be completed according to Gwinnett County's specifications as stated. Under this construction the word is surplusage and does not render the contract vague and uncertain. See Harrison v. McCormick, 89 Cal. 327 (26 P 830).

2. We conclude the contract is clear that the purchaser is buying "nine proposed lots" in the seller's subdivision and that it is the seller's obligation to develop said lots. Where no time is specified for development a reasonable time will be implied. The provision that the development of said lots in Unit IV will be of the same quality materials as Units II and III of the same subdivision is definite and capable of enforcement. *Green v. Zaring*, 222 Ga. 195 (149 SE2d 115) is not authority for a contrary conclusion. There the contract provided for the development of land with apartment buildings and related structures without any specifications whatsoever.

3. Perry contends that the Listing Agreement which in turn provides for the execution of an Exclusive Listing Form are both vague and uncertain. Therefore, it argues, that these contracts are a material part of the lot purchase contract and consequently render it incapable of specific performance. Assuming without deciding that the Listing Agreement and Exclusive Listing Form are vague and uncertain, we do not agree with Perry's conclusion. Colonial contracted with Perry for the purchase of nine lots. The Listing Agreement and Exclusive Listing Form are agreements with a third party, Blake Perry Realty Company. These agreements recite considerations separate and apart from the consideration for the purchase of the nine lots. The Listing Agreement includes twenty-five homes. In substance it is a real estate broker's contract providing for commissions, advertising and similar matters. The lot sale contract on the other hand is a standard real estate sales contract providing for payment, matters relating to title, and similar agreements usually found in contracts of this type.

The contract for the purchase of the lots provides that Blake Perry

Realty is "to have sales listings of homes in accordance with Listing Agreement attached . . ." Colonial has executed the Listing Agreement. Except for this stipulation the one contract deals with the purchase of lots, the other with the sale of homes to be built thereon. In our opinion the contract for the purchase of the lots is severable from the Listing Agreement and the Exclusive Listing Form and its specific performance may be decreed without regard to the uncertainty of these latter agreements. *Napier v. Union Cotton Mills,* 93 Ga. 587 (20 SE 80). "A contract may be either entire or severable. In the former, the whole contract stands or falls together. In the latter, the failure of a distinct part does not void the remainder. The character of the contract in such case is determined by the intention of the parties." Code § 20-112. See 17A CJS 302, § 331 et seq.; 17 AmJur2d 757, § 324 et seq. See also 6 Williston on Contracts (3d Ed.) 335, § 873.

4. Perry contends that, " . . . the alleged oral extension of this contract for the sale of land would be without legal effect since contracts for the sale of land must be in writing under Georgia Law and 'a contract which must, under the statute of frauds, be in writing, and which, accordingly, is put in writing and duly executed, cannot be subsequently modified by a parol agreement.' *Gulf Oil Corp. v. Willcoxon,* 211 Ga. 462 (86 SE2d 507)." We do not agree. As stated in *Studdard v. Hawkins,* 139 Ga. 743, 747 (78 SE 116), "A new contract fixing a new date for performance and a waiver of performance at the time fixed in the original contract, and an estoppel which prevents the setting up of non-compliance within the time fixed, are not the same thing. In the case of a new contract or the modification of an existing one, both parties are bound by the terms of the new contract, and have a right to insist on the new date fixed therein for performance. In the case of a waiver the original contract remains; the purchase-money is due; the seller merely waives strict enforcement as to time, so as to prevent him from declaring a forfeiture on account of a past failure. Generally he may still demand and require compliance with the contract, upon reasonable notice. In the case of an estoppel in pais, by reason of his conduct or acts, he will not be allowed to claim that there has been a failure in compliance by the other party, so as to relieve him. Waiver and estoppel are often similar; but while the words are frequently used as equivalent terms, they are not identical. Where the law requires a contract to be in writing,

under the decisions of this court it can not be modified by a binding parol contract. But strict performance as to time may be waived by parol, at least if made before default, and relied on by the other party." Under the evidence here there is an issue of fact as to whether the parties waived the time of performance and the trial court did not err in denying Perry's motion for summary judgment. The *Willcoxon* case involved an option and is therefore distinguishable from *Studdard* and the instant case. "Although time is of the essence of the contract, it may be waived; . . ." *Moody v. Griffin,* 60 Ga. 459. Accordingly the question in this case is not one of modification of the contract but waiver of the time of performance of the original contract.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1973 — DECIDED FEBRUARY 6, 1974.

*Hansell, Post, Brandon & Dorsey, W. Lyman Dillon,* for appellant.

*Ware, Sterne & Griffin, Alton H. Hopkins,* for appellee.