## 29163. ROTHSTEIN v. JONES.

UNDERCOFLER, Justice.

This is an action by the purchaser for specific performance of a contract for the sale of real estate. The trial court directed a verdict for the seller-defendant. The purchaser appeals.

The facts are substantially as follows: On December 28, 1972, seller gave Northside Realty Company a 60 day listing to sell his property located in Rockdale County. Northside found a buyer named Richardson and seller entered into a written contract with him dated January 13, 1973. The contract provided the sale was to be closed by March 13, 1973. It also provided that the purchaser would apply for a loan in the amount of $116,250 to be amortized in 360 payments. It stipulated that the contract would be null and void if the purchaser was unable to obtain satisfactory financing. About March 9, 1973, seller was living in Florida. By telephone an agency of Northside advised him Richardson was unable to obtain satisfactory financing to purchase the property but that the plaintiff here desired to purchase the property. The evidence as to this conversation is inconclusive. Northside's agent states in effect that the seller was advised that the purchaser intended to take an assignment of Richardson's contract and he was requesting an extension of the closing date. Seller states Northside requested his approval to sell the property to the plaintiff although there was some mention of an assignment. Seller did not agree to anything during this conversation. On March 10, 1973, seller sent the following telegram to Northside, "I authorize Northside Realty to sell Mr. Rothstein [plaintiff] my property at same price as Richardson contract this effective until April 1, 1973." On March 19, 1973, Richardson assigned his sales contract with the seller to the plaintiff. The assignment contained a provision that the sale be closed by April 1, 1973. The seller refused to close the sale. Thereafter the plaintiff filed this suit against the seller to compel performance.

The question here is whether seller's contract with Richardson terminated on March 13, 1973, when the sale

was not closed thus rendering its assignment to plaintiff on March 19, 1973, ineffective. Plaintiff argues that the seller waived the March 13, 1973 date of closing until April 1, 1973. Seller argues that he authorized a new contract with plaintiff with a closing date of April 1, 1973, and no such contract was entered into. *Held:*

The time of performance of a contract may be waived. *Perry Dev. Corp. v. Colonial Contr. Co.,* 231 Ga. 666 (4) (203 SE2d 475). Did the evidence here demand a finding that the time of performance of the Richardson contract had not been waived? The trial court said yes and directed a verdict for the seller. We agree. The only evidence of waiver is the March 10, 1973 telegram sent by the seller to Northside. It authorizes a sale to plaintiff at the same price as the Richardson contract effective until April 1, 1973. It makes no reference to a waiver of the closing date specified in the Richardson contract nor to an assignment of that contract. In addition the Richardson contract contained a special stipulation that the contract was null and void "if the purchaser is unable to arrange suitable financing." Before the seller sent the telegram authorizing a sale to plaintiff he had been advised that Richardson was unable to arrange suitable financing. In our opinion the evidence demands a finding that the seller did not waive the closing date of the Richardson contract.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1974 — DECIDED OCTOBER 8, 1974.

*Vaughn, Barksdale & Nation, Sidney L. Nation,* for appellant.

*Manning, Read & Richardson, Charles D. Read, Jr.,* for appellee.