## 49844. PAYNE v. ROBERTSON, BEITER & CONNER, INC.

DEEN, Presiding Judge.

" 'A contract which is required by the statute of frauds to be in writing, and which is therefore put in writing, can not be modified by a subsequent agreement in parol.' *Gulf Oil Corp. v. Willcoxon,* 211 Ga. 462 (2) (86 SE2d 507); *Jarman v. Westbrook,* 134 Ga. 19 (2) (67 SE 403);*Elrod v. Camp,Flanigan & Toole,* 150 Ga. 48 (2) (102 SE 357). The contract which the petitioner relies on is an oral modification of a written contract to sell land, and is not binding on the seller. Code § 20-401 (4)." *Sanders v. Vaughn,* 223 Ga. 274 (1,2) (154 SE2d 616).

It appears from the stipulation in the instant case that appellee, the plaintiff owner of certain property, entered into an enforceable contract of sale with the defendant to sell him the described tract of land, the agreement stipulating that the balance of the $45,000 purchase price would be paid in cash at closing, and that closing would be not later than August 3, 1973. The date was later extended to August 6 and the change was written on the contract and initialed by all parties. This constituted a valid extension of the closing date. However, the purchaser failed to perform and now contends that, in connection with the extension of the closing date, there was an oral agreement between the parties that the extension was for the purpose of allowing the purchaser to borrow money and that if he was unable to obtain proper financing for the purchase the sale contract would be void. Such an oral modification of a written contract for the sale of land is unenforceable.

The trial court did not err in sustaining the plaintiff's motion for summary judgment on the issue of liability.

*Judgment affirmed. Stolz and Marshall, JJ., concur.*

SUBMITTED NOVEMBER 7, 1974 — DECIDED DECEMBER 5, 1974.

*Smith & Allgood, Alfred L. Allgood,* for appellant.
*Whelchel, Dunlap & Gignilliat, William L. Rogers, Jr.,* for appellee.