## 52991. KRUEGER v. PAUL.

MARSHALL, Judge.

Appellant Krueger brings this appeal from the grant of summary judgment in favor of appellee Paul, defendant below. The controversy arose out of a lease agreement entered into between Krueger as lessor and Paul as lessee. It involves the status of the parties under the lease contract; specifically whether the lessee renewed the lease under a renewal option, or whether lessee was a tenant at will. The sole enumeration of error is the grant of summary judgment.

The facts show that Krueger executed a lease with Paul Mobile Homes on June 1, 1971, for a term of three years at a stipulated rental of $125 per month. Paragraph 25 of the lease provided: "25. If Tenant remains in possession of premises after expiration of the term hereof, with Landlord's acquiescence and without any express agreement of parties, Tenant shall be a tenant at will at rental rate in effect at end of lease; and there shall be no renewal of this lease by operation of law."

Special stipulation 1 of the lease provided: "Tenant shall have the option to renew this lease for an additional period of seven (7) years beginning June 1, 1974. Monthly rental for this period shall be based on market value of the property and will insure Landlord a 10% net return per year. Minimum rental shall be $175.00 per month for the first five (5) years. Rental for the sixth and seventh years shall escalate $25.00 per month or to a minimum of $200.00 per month."

At the end of the original period of the lease, the lessee forwarded its usual check in the amount of $125 for rental for the first month in the new period. Upon being reminded of the increase in rental called for by the lease, as well as the requirement for furnishing an insurance policy covering the property leased, the lessee sent the additional rental of $50 and notification of insurance coverage. Subsequently lessee gave a 30-day notice of termination, considering itself in a tenancy at will, and

thereafter vacated the premises. Krueger, considering the payment of the increased rental as lessee's exercise of its option to renew the lease pursuant to its terms, brought suit for lost rentals. Lessee, contending it was a tenant at will, moved for and was granted summary judgment. *Held:*

In *Smith v. Huckabee Properties, Inc.,* 111 Ga. App. 451 (1) (142 SE2d 320), this court had before it for construction a clause in almost the identical language as that found in paragraph 25 of the lease here under consideration. The lease in that case provided: "If Lessee remains in possession after expiration of the term thereof, with Lessor's acquiescence and without any distinct agreement of parties, Lessee shall be a tenant at will; and there shall be no renewal of this lease by operation of law." The lease also contained a renewal stipulation granting the lessee the option to renew provided he gave written notice of the exercise of the option. In that case, at page 454, this court determined that the clear and unequivocal language of the lease was that ". . . regardless of when the termination date actually was, there would be no renewal of the lease without written notice of the intention to exercise the option, and that payment of advance rental after the termination date of the lease without such explicit notice, if accepted, would merely have the effect of converting the tenancy into a tenancy at will."

We think the instant case is controlled by the *Smith* case. By its express terms, the lease in this case provided for a "renewal" of the lease for an additional period of seven years. Instead of calling for an established rental, the lease renewal option required a rental to be based upon market value at the time of the renewal or a minimum rental, whichever was greater. Thus the amount of rental was subject to determination at time of renewal rather than a set amount to take effect upon a continuation under the same agreement. A stipulation which contemplates a new contract with a new rental rate to be determined at the expiration of the first term and which is denominated as a renewal, and which in express terms confers upon the lessee the privilege of "renewal" of the lease for an additional term of years, necessarily contemplates a new contract at the end of the first term,

and makes a new lease indispensable. *Walker v. Brooks Simmons Co.,* 44 Ga. App. 470, 473 (161 SE 659). See also *Flamex Distributors v. Herman,* 140 Ga. App. 771. The lease herein speaks of an express agreement to renew and provides that in the absence thereof, the tenant becomes one at will. Where the option contemplates, not a mere extension of the old lease contract, but the right to renew the old contract by a new lease for an additional and specified period of time, and the parties thereafter continue to act under the original contract, upon the expiration of the original term, this does not operate to extend the contract for the additional stipulated period, but the lessee simply occupies the status of a tenant at will. *Candler v. Smyth,* 168 Ga. 276, 282 (147 SE 552); *Citizens Oil Co. v. Head,* 201 Ga. 542 (3) (40 SE2d 559). This is the status in which these parties find themselves.

Leases involving an estate for years and agreements not to be performed within a year are, of course, within the Statute of Frauds and must be in writing to be effective. Code § 20-401 (4, 5). *Smith v. Top Dollar Stores,* 129 Ga. App. 60, 62 (198 SE2d 69). Moreover, a contract which is required by the Statute of Frauds to be in writing, and which is therefore put in writing, can not be modified by a subsequent agreement in parol. *Gulf Oil Corp. v. Willcoxon,* 211 Ga. 462 (2) (86 SE2d 507); *Jarman v. Westbrook,* 134 Ga. 19 (2) (67 SE 403). The required renewal of the lease here in question could not be modified by an oral or implied extension. *Payne v. Robertson, Beiter & Conner, Inc.,* 133 Ga. App. 502 (211 SE2d 440).

There were no questions necessary for a jury to resolve and the trial court did not err in granting summary judgment for lessee, Paul.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

Argued November 3, 1976 — Decided January 25, 1977.

*Jack B. McNeil,* for appellant.
*Howard, Wiggins & Smith, Walter A Smith,* for appellee.