## 53577. B-LEE'S SALES COMPANY, INC. v. SHELTON et al.

QUILLIAN, Presiding Judge.

Plaintiffs filed a complaint for alleged rent due under a written ten-year lease for a service station which provided for a monthly rental of $1,500 and asserted defendants were in arrears in the amount of $23,000. Defendants' answer stated the written lease was "orally modified two times" as to the rental amount and by failing to evict defendants and accepting the lesser amounts plaintiffs waived their right to sue for any deficiency and were estopped to hold defendants to the written lease.

The lease was to run from 1 April 1968, and expire on 31 March 1978. In January, 1974, one of the defendants approached one of the plaintiffs concerning lowering the monthly rental amount. All parties agreed that the rent would be reduced to $1,000 per month. Defendants paid, and plaintiffs accepted, payment of $1,000 per month for the year of 1974. In December of 1974 defendants again asked plaintiffs to lower the rent — contending they had lost $14,000 during the year. One plaintiff testified that defendants made "a request that we reduce the rent to $500 a month. . . He just said he couldn't pay it." One defendant testified that in response to his request, plaintiff picked up the $500 and said: "Will you please do the best you can."

Plaintiffs denied that an agreement was reached on the second reduction of rental to $500 per month but testified that defendants "paid us $500 per month . . . for five months," from January through May of 1975. In May, 1975, a Mr. Motley informed plaintiffs he had "bought out" the defendants. Thereafter, plaintiffs rented to Mr. Motley at a monthly rental of $750.

Plaintiffs testified they saw their lawyer in September of 1975 and "it was his advice that we go back to the original agreement." This action was filed. The jury awarded plaintiffs $2,500. They bring this appeal. *Held:*

1. To be legally effective, a lease for a period longer than one year must be in writing as it is within the Statute of Frauds. Code § 20-401 (5). As a general rule, a written contract may be modified or changed by subsequent parol

agreement between the parties — if founded upon consideration. *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677, 679 (112 SE2d 273). However, a contract which is required by the Statute of Frauds to be in writing can not be modified by a subsequent agreement in parol. *Gulf Oil Corp. v. Willcoxon,* 211 Ga. 462 (1) (86 SE2d 507); *Smith v. Huckabee Properties,* 111 Ga. App. 451 (2) (142 SE2d 320); *Payne v. Robertson &c., Inc.,* 133 Ga. App. 502 (211 SE2d 440); see also *Perry Dev. Corp. v. Colonial Contracting Co.,* 231 Ga. 666 (4) (203 SE2d 475). Presiding Justice Lumpkin stated succinctly and clearly in *Augusta Southern R. Co. v. Smith & Kilby Co.,* 106 Ga. 864 (1) (33 SE 28): ". . . if the law require the insurance contract to be written, it would seem to follow, as a matter of course, that any alteration of it must also be in writing . . . the reason being that a contract which the statute of frauds declares must be in writing can not rest partly in writing and partly in parol."

Thus, the question presented is which agreement, or agreements, provides the basis for an action for parties to a lease contract — required to be in writing, but presumably rescinded or modified by subsequent parol agreement, acted upon by one party and accepted by the other party? If the original written contract cannot be modified by the subsequent parol agreement (*Gulf Oil Corp. v. Willcoxon,* 211 Ga. 462 (1), supra), is the written agreement abrogated, abandoned, nullified, or was there a novation? We find it unnecessary to reach this issue.

Our Code, § 20-116, provides: "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." *Verner v. McLarty,* 213 Ga. 472, 475 (1) (99 SE2d 890); *Empire Mtg. &c. Co. v. Dunaway,* 223 Ga. 443, 445 (156 SE2d 41).

There was a substantial departure from the rental terms of the written contract and an agreement to accept the lesser amount. This agreement was followed for one year. In fact, the plaintiffs never gave notice to defendants

they intended to return to the exact terms of the written contract until after they had relet the demised premises to a new tenant — probably in September, after defendants departed in May. This court held in *Scott v. Ryder Truck Lines,* 120 Ga. App. 819, 822 (172 SE2d 365): ". . . oral modifications as to those matters in a contract required by the Statute of Frauds to be in writing are ineffective . . . unless the contract as so modified has been acted on or performed by one of the parties." Cf. *Planters Cotton-Oil Co. v. Bell,* 54 Ga. App. 433 (1) (188 SE 41).

One reason for performance of an oral modification to a written contract being an exception to the general rule is that "part performance will satisfy the requisites both of mutuality and of the Statute of Frauds." *Cooper v. G. E. Const. Co.,* 116 Ga. App. 690, 694 (158 SE2d 305). See also Code § 20-402 (2) and (3). Another reason is that plaintiff having accepted the benefits arising under the contract after being notified of an anticipated breach, and not having given notice of his intention to rely on its exact terms, but having continued to accept the benefits thereunder, may not recover for such alleged breach or failure to perform fully the complete terms of the original agreement. Cf. *Eaves v. Georgian Co.,* 47 Ga. App. 37 (4) (169 SE 519); *Southern Savings Bank v. Dickey,* 58 Ga. App. 718 (199 SE 546). Acceptance of such benefits after notice of an alleged breach will constitute a waiver of the breach. *Cartwright v. Bartholomew,* 83 Ga. App. 503 (b) (64 SE2d 323); see also Ga. UCC § 109A-2—209 (4) (Ga. L. 1962, pp. 156, 180).

Subsequent performance by the parties is sufficient consideration to support what Code § 20-116 calls "a quasi new agreement." *New Amsterdam Cas. Co. v. Thompson,* 100 Ga. App. 677, 679, supra; *Blanton v. Mosely,* 133 Ga. App. 144 (4) (210 SE2d 368); 72 AmJur2d 795, Statute of Frauds, § 278. Although the attempt at modification of the original written contract may not satisfy the Statute of Frauds, where as here, a modification of the written contract has been agreed to by all parties, performed by one and accepted by the other, there is a waiver of the provisions of the original contract as to rental amount. *Eaves v. Georgian Co.,* 47 Ga. App. 37 (4), supra; *Cartwright v. Bartholomew,* 83 Ga. App. 503, 507, supra;

*Scott v. Ryder Truck Lines,* 120 Ga. App. 819, 822, supra. Accordingly, plaintiff may not enforce that provision of the written contract relating to rental amount.

2. Where there was an oral agreement to pay a monthly rental of $1,000, and one party tenders $500 per month and requests a reduction in the monthly rental, and the other party accepts the tender and states — essentially: "Do the best you can," we find there is an issue of intent of the parties as to what was agreed upon and this issue was correctly placed before the jury for resolution. *Pinkerton & Laws v. Atlantis Realty,* 128 Ga. App. 662, 666 (3) (197 SE2d 749). The jury apparently found the parties remained under an extension of the oral agreement for a monthly rental of $1,000, and awarded plaintiff the difference of $500 per month for the five months defendant remained in possession — $2,500.

3. The only remaining question is whether plaintiffs were entitled to rental, in some amount, for the remainder of the term of the original written contract. The original term extended until 31 March, 1978. However, they had orally agreed to waive the amount due as rent, and had substituted a new amount in the "quasi new agreement" in parol, in the amount of $1,000 per month. If the parties intended for the new rental to apply for the remainder of the term of the original lease it would exceed one year and be unenforceable under the Statute of Frauds. Code § 20-401 (5); *Moon v. Stone Mtn. Memorial Assn.,* 223 Ga. 696, 698 (2) (157 SE2d 461).

We find the key to solution in *Perry Development Corp. v. Colonial Contracting Co.,* 231 Ga. 666, 668 (203 SE2d 475): "Where the law requires a contract to be in writing, under the decisions of this court it can not be modified by a binding parol contract. But strict performance as to time may be waived by parol, at least *if made before default,* and relied upon by the other party. . . [T]he question in this case is not one of modification of the contract but waiver. . ." (Emphasis supplied.) This holding is compatible with Code § 20-116, supra, that if a party departs from the terms of the contract, "before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the [old] agreement." We find

that the parties had mutually agreed to depart from the terms of the written contract, and notice of intent to return to and rely upon terms of the written contract was not given until after default by the defendants. This was too late. Cf. *Perry Development Corp. v. Colonial Contracting Co.,* 231 Ga. 666, supra. Our Supreme Court has held "[i]f he was relying upon a breach of the written contract, and upon a subsequent oral agreement, then he was under the duty and burden to make this fact known at the time of the tender of the [money]." *Pearson v. George,* 209 Ga. 938, 945 (77 SE2d 1). *Pearson* is not applicable under its facts, and we need not relate back that far in the instant case, but the holding is indicative of when an election should be made when a party to a contract is confronted by a breach and accepts or acquiesces in the compromising tender of the breaching party.

4. On appeal, after verdict the evidence is construed in its light most favorable to the prevailing party and every presumption and inference is in favor of the verdict (*Mathis-Akins Concrete Block Co. v. Tucker,* 127 Ga. App. 699, 700 (194 SE2d 604)), and if there is any evidence to sustain the verdict of the jury, this court will not disturb it. *Worn v. Sea-Cold Services,* 135 Ga. App. 256 (2) (217 SE2d 425). There is sufficient evidence to support the verdict.

The trial court did not err in overruling plaintiffs' motion for directed verdict at the close of plaintiffs' case and defendants' case, and overruling plaintiffs' motion for judgment notwithstanding the verdict.

*Judgment affirmed. Marshall and Shulman, JJ., concur.*

SUBMITTED MARCH 7, 1977 — DECIDED APRIL 7, 1977.

*Hurt & Pfeiffer, James W. Hurt,* for appellant.
*Roberts, Roberts & Rainwater, David N. Rainwater,* for appellees.