45012, 45013. LEE v. OTIS ELEVATOR COMPANY et al. (two cases).

45014. HAWLEY v. OTIS ELEVATOR COMPANY et al.

BELL, Chief Judge. These are companion cases which arose out of the same incident and involve the same issue, the granting of defendant Otis Elevator Company's motion for summary judgment as to its liability. Plaintiffs, Mrs. Lee and Mrs. Hawley, brought this action for damages for personal injuries based on negligence. Mrs. Lee's husband also sues for loss of service, consortium, and medical expenses. In November, 1967, both women were injured in defendant Rich's store while descending on an escalator. In their respective

complaints as amended, plaintiffs allege that Otis was negligent in the manufacture, construction and installation of the escalator which resulted in abruptly "jerking" and stopping without warning to them. The evidence considered in the disposition of the motion for summary judgment reveals that defendant Otis manufactured and installed the escalator in defendant Rich's store, equipping it with an emergency stop control button. At the time of the accident Otis Elevator had no responsibility for maintenance or servicing the escalator as this was performed exclusively by Rich's. Plaintiffs, Mrs. Lee and Mrs. Hawley, testified at their depositions that after entering the escalator and proceeding downward, both holding the hand rail, it stopped suddenly, gave a "jerk" causing Mrs. Hawley to be thrown to the next floor level and Mrs. Lee to strike the escalator railing about her face. Several witnesses at this time observed a young boy bending over the emergency stop button and kicking the area of the button with his foot. Immediately prior to and after the incident an employee of Rich's inspected the escalator and found it to be in good working order.

From the evidence, it is obvious that defendant Otis was an independent contractor who had completed its work in the manufacture and installation of the escalator and the stopping mechanism. As a general rule an independent contractor is not liable for injuries occurring to a third person after the contractor has completed the work and turned it over to the owner or employer and it has been accepted by him, even though the injury results from the contractor's failure to properly carry out his contract. There is an exception to this where the independent contractor turns over a completed work product which is inherently or intrinsically dangerous or so negligently defective as to be imminently dangerous to third persons. *Higgins v. Otis Elevator Co.*, 69 Ga. App. 584, 588 (26 SE2d 380). Plaintiffs urge that the exception has application to this case. With this we are in agreement. An escalator in a multi-level store is almost as common as a staircase. When properly constructed and installed, it is not inherently or intrinsically dangerous. Yet, if made or installed in a negligently defective manner it can be dangerous to third persons. See *Helmly v. Savannah Office Bldg. Co.*, 13 Ga. App. 498, 500 (79 SE 364). The evidence that the emergency stopping mechanism was intentionally activated

by a young boy in a nonemergency situation is of no real importance. The issue lies in an answer to the question as to why the escalator stopped with the suddenness and abruptness sufficient to propel one plaintiff to the lower floor and the other into the railing causing them personal injuries. The elevator company has not submitted any evidence in answer to this question. On motion for summary judgment, the burden of proof is on the movant to show the absence of a genuine issue of material fact and the right to a judgment as a matter of law. Defendant Otis has not carried its burden by showing that the abruptness in stopping the escalator was unconnected with any negligence charged against it. It was error to grant summary judgment in each of these cases.

*Judgments reversed. Quillian and Whitman, JJ., concur.*

ARGUED JANUARY 6, 1970—DECIDED MARCH 3, 1970—
REHEARING DENIED APRIL 1, 1970—

*William H. Whaley, C. Glenn Stanford,* for appellants.
*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., John K. Dunlap,* for appellees.