### 32189. DULOCK v. SHIVER.

HILL, Justice.

James A. Dulock, purchaser in a contract for the sale of a residence, brought this action against the seller, Ike S. Shiver, for specific performance of the contract. After hearing evidence the trial court found that the purchaser had not tendered the contract price before the date specified in the contract and implicitly found that there was not sufficient evidence of an estoppel or waiver of the time requirement of the contract. The trial court denied specific performance and ordered the seller to return the down payment to the prospective purchaser, who appeals.

In October, 1975, the parties contracted in writing for sale of the residence. The contract provided that a down payment was to be made November 10, 1975, and that the balance of the purchase price was due " . . .on or before November 10, 1976." The purchaser agreed to pay rent each month ". . . commencing November 10, 1975, and each month thereafter until sale is completed or November 10, 1976." The down payment was made and the purchaser took possession and paid the rent. On November 2, 1976, the purchaser made application to a savings and loan association to assume the indebtedness on the property. On November 10, 1976, the purchaser tendered a check for the equity to counsel for the seller and apparently informed him that due to a misunderstanding the loan assumption had been disapproved, but that in a few days the misunderstanding would be cleared and the assumption would be approved. By letter dated November 15, 1976, counsel for the seller returned the uncashed check for the equity and refunded a fee for title and deed services not performed. The letter advised the purchaser to vacate the premises since the loan was not approved for transfer to the purchaser and since the contract had "now expired." Subsequently, on November 22, 1976, the assumption was approved by the

lender and this suit followed.

The purchaser contends that he made timely tender under the terms of the contract because time was not of the essence. However, the preprinted portion of the form contract stated that it was ". . . expressly understood and agreed between the parties hereto that time is of the essence of this contract." Although time is not generally of the essence of a contract, by express stipulation (or reasonable construction) it becomes so. Code Ann. § 20-704 (9).

In *Mangum v. Jones,* 205 Ga. 661, 657 (54 SE2d 603) (1949), this court stated: ". . . the rule may now be regarded as well settled in this state that in all cases, in order for time to be treated as of the essence of a contract for the sale of land, it should clearly appear therefrom that such was the intention of the parties; as, for example, by a provision that the agreement shall be void unless the act named be completed by a certain day, or by other equivalent expression." Appellant argues that the contract does not provide that it shall be void unless the act named be completed by a certain date. However, a voidness provision is not the exclusive means of requiring timely performance and the expression "time is of the essence of this contract" is an "equivalent expression" referred to in *Mangum* by which parties express their intention that time shall be of the essence. According to the intention of the parties as shown by the language agreed to, time was of the essence in this contract.

The purchaser contends that the seller is estopped from asserting the purchaser's noncompliance with the contractual time provisions because the seller's counsel accepted partial tender; i.e., the check for equity, on the last day for performance. In addition, he contends that the seller, through counsel, orally waived strict enforcement as to time. See *Studdard v. Hawkins,* 139 Ga. 743, 747-749 (78 SE 116) (1913); *Perry Development Corp. v. Colonial Contracting Co.,* 231 Ga. 666 (4) (203 SE2d 475) (1974). Code Ann. § 38-116 provides that in order for there to be an estoppel in pais, the conduct of the party to be estopped must involve intended deception or such gross negligence as to amount to constructive fraud. In this case the check, without the loan assumption, was at most only part

performance. It was received by the seller's attorney on the last day for performance and was returned uncashed, with the notice of contract termination, after the elapse of only five days and before complete performance was tendered by the purchaser. We are unable to conclude as a matter of law that such intent as is required by the statute is involved in this case so as to raise an estoppel in pais. See *Cobb County Rural Electric Membership Corp. v. Bd. of Lights &c. of Marietta,* 211 Ga. 535 (2) (87 SE2d 80) (1955); *Wilkins v. McGehee,* 86 Ga. 764 (2) (13 SE 84) (1891).

The evidence of waiver was heard by the trial court. We have no transcript or brief of the evidence and are unable to find that the trial court's findings and conclusions are clearly erroneous. See *Lowry v. Norris Lake Shores Development Corp.,* 231 Ga. 547 (203 SE2d 169) (1974).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1977 — DECIDED SEPTEMBER 8, 1977.

*J. Wayne Parrish,* for appellant.
*E. Louis Adams,* for appellee.