## 55380. DULOCK v. SHIVER.

QUILLIAN, Presiding Judge.

This appeal was from a judgment dispossessing James A. Dulock, as tenant, from certain property and awarding Ike S. Shiver, as landlord, past due rent in the amount of $2,800. For the prior history of this case on appeal, see *Dulock v. Shiver,* 239 Ga. 604 (238 SE2d 397).

The following pertinent facts were stipulated or

otherwise set forth in the trial judge's order. The defendant initially entered into possession of the subject property pursuant to the terms of a contract for the sale of real estate. The sale contemplated by the contract was never consummated, and the defendant brought an action for specific performance against the plaintiff in the Dougherty Superior Court on December 8, 1976. On April 20, 1977, the Dougherty Superior Court entered judgment in the civil action refusing to specifically enforce the contract and ordering the plaintiff to return an earnest money deposit to the defendant. On September 8, 1977, the Supreme Court affirmed the judgment, declaring the contract unenforceable. The decision of the Supreme Court was the full, final and complete adjudication of the issues raised in the civil action filed by the defendant against the plaintiff in the Dougherty Superior Court.

On November 15, 1976, the attorney who at that time represented the plaintiff in this case forwarded a letter to the defendant, demanding possession of the property. The letter was received by the defendant in due course.

In addition to the above facts which were stipulated to by the parties, there was testimony from the defendant that he had occupied the subject property for 23 months prior to the date of the hearing, and that he had not paid rent for his occupancy since January 1977, and that the rent was paid through February 10, 1977.

The trial judge, besides ordering the defendant to vacate the premises and providing that the plaintiff recover $2,800 as rent accrued from February 10, 1977 through October 10, 1977, set forth in his order that the plaintiff might satisfy the judgment for rent awarded by deducting the amount so awarded together with all costs of this action from the funds of the defendant held by the plaintiff, being $4,500. The defendant appealed. *Held:*

The contract in this case was for the sale of certain real property the purchase price of which was $56,000, $4,500 to be paid on November 10, 1975, and the balance on or before November 10, 1976. It also contained a special stipulation: "Purchaser to pay $350.00 per month to seller for rent commencing November 10, 1975, and each month thereafter until sale is completed or November 10, 1976."

It is clear that the rental agreement was separate and

distinct from the other provisions of the sale contract. Thus, we can not agree with the defendant's argument regarding the applicability of the rule (see *MacKenna v. Jordan,* 123 Ga. App. 801 (182 SE2d 550)) that when a party enters upon land under a contract of purchase, the landlord-tenant relationship does not come into existence. Here, the defendant's possession was under the rental arrangement as a tenant pending completion of the sale and not as a purchaser. See *Brown v. Persons,* 48 Ga. 60; *Smith v. Singleton, Hunt & Co.,* 71 Ga. 68; *Reddick & Webster v. Hutchinson,* 94 Ga. 675 (21 SE 712). See also *Wilkins v. Fulcher,* 9 Ga. App. 68 (70 SE 691). Moreover, after the contract expired without consummation the defendant paid rent for 2 more months.

Under this factual context, the order was not error for the reasons assigned.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

Submitted March 6, 1978 — Decided May 9, 1978.

*J. Wayne Parrish,* for appellant.
*Langstaff, Campbell & Plowden, George P. Donaldson, III,* for appellee.