## 59387. WILNER'S, INC. v. FINE et al.

Banke, Judge.

The appellant, the corporate owner of a clothing store, sued to recover damages after the roof of the building in which it operated the store collapsed under the weight of a heavy rain. Named as defendants were Joe L. Fine, the owner of the building, and Gunter Roofing Company, which had resurfaced the roof six months prior to the collapse. Defendant Fine was charged with failure to comply with his duty as landlord to maintain the premises in a safe condition. Gunter Roofing Company, Inc., was charged with negligence in performing the resurfacing work. This appeal is from an order granting summary judgment to both defendants.

The building was over 75 years old and had housed the clothing store since 1946. Mrs. Rose Wilner, one of the firm's owners, testified that the roof had leaked off and on ever since 1950. Whenever signs of seepage were spotted, she or her husband would notify the landlord, and the problem would be quickly remedied. In 1973 the landlord employed Gunter Roofing Company to apply a new coat of waterproofing materials to the roof. Between that time and May of 1977, workers from Gunter returned an unspecified number of times to repair leaks and to clean out the drains. The roof was surrounded by a wall, so that if the drains clogged up, water would accumulate, and

seepage would occur. It appears that enough beverage cans and other debris found its way to the roof that this was a more or less constant problem.

In May of 1977 a large leak occurred in the rear portion of the store. Mr. Fine, the landlord, was in the hospital on this occasion, so Mrs. Wilner called Gunter Roofing Company herself to come out and fix it. At this time, Gunter added another layer of roofing felt and tar. It is undisputed that Mr. Fine paid for this and for all of Gunter's other work in full. It is also undisputed that he inspected the roof frequently and that he never voiced any objection to any of the work.

The front portion of the roof collapsed during a heavy rainstorm in November of 1977, flooding the store. The collapse was caused by a heavy accumulation of water, which in turn resulted from the clogging of the front "scupper" by a beer can. *Held:*

1. There is no basis upon which Gunter Roofing Company may be held liable to the plaintiff for damages. "The general rule is well established that an independent contractor is not liable for injuries to a third person, occurring after the contractor has completed the work and turned it over to the owner or employer and the same has been accepted by him, though the injury result from the contractor's failure to properly carry out his contract. [Cits.] There are some modifications of this rule. Among them are cases where the work is a nuisance per se, or where it is turned over by the contractor in a manner so negligently defective as to be imminently dangerous to third persons." *Young v. Smith & Kelly Co.,* 124 Ga. 475, 476 (52 SE 765) (1905). "The first exception is applicable only where the work performed is *itself* inherently dangerous. [Cits.]" *Peachtree North Apts. v. Huffman-Wolfe Co.,* 126 Ga. App. 594, 595 (191 SE2d 485) (1972). See also *PPG Industries, Inc. v. Genson,* 135 Ga. App. 248 (2) (217 SE2d 479) (1974); *Queen v. Craven,* 95 Ga. App. 178, 183-84 (97 SE2d 523) (1957).

Although the plaintiff contends that the evidence does not demand a finding that the landlord accepted Gunter Roofing Company's work, we find no basis for a conflict on this issue. Instead, we find undisputed evidence that Fine paid Gunter in full for all of its work,

that he made frequent inspections, and that he never voiced any objection to the manner in which the work had been performed. Thus, even assuming *arguendo* that Gunter performed its work negligently, that company could not be held liable to the plaintiff absent some indication that the work was inherently or imminently dangerous to third persons.

The record in this case contains nothing which would support such a finding. Gunter Roofing Company took no part in the design of the 75-year-old structure. It merely made two applications of roofing materials. While there is some indication that in applying the new layer of felt in May of 1977 Gunter's workmen narrowed the front scupper by a half inch to an inch and a half, that could hardly be termed inherently or imminently dangerous to third persons. The evidence shows without dispute that the tendency of the drains to become clogged was evident both before and after Gunter completed its work. The danger arose from the age and design of the building, not from the roofing materials. Compare *Lee v. Otis Elevator Co.,* 121 Ga. App. 564 (174 SE2d 476) (1970) (injuries caused by defective escalator); *Davey v. Turner,* 55 Ga. App. 786 (191 SE 382) (1937) (injuries caused by unvented gas heater).

The case of *Hunt v. Star Photo Finishing Co.,* 115 Ga. App. 1 (153 SE2d 602) (1967), relied upon by the appellant, is inapposite. There, the defendant had designed a defective roof, was aware of the defect, and concealed this knowledge from the owner. See also *Welding Products of Ga. v. S. D. Mullins Co.,* 127 Ga. App. 474 (193 SE2d 881) (1972).

2. We find a genuine issue of fact as to whether the landlord failed in his duty to maintain the premises properly. See generally Code Ann. § 61-112. As indicated above, the tendency of the drains to become clogged was well known to the landlord; indeed, the plaintiff had notified him of continued seepage during the six months prior to the collapse. The possibility that an accumulation of water might overburden the structure cannot be considered unforeseeable, due to the building's age and the partial collapse of the rear portion of the roof which accompanied the May 1977 leak. Of course, a jury might

find that the landlord exercised due care or that the collapse resulted from a rainstorm which was so severe that it constituted an "act of God." However, such a conclusion is not demanded as a matter of law. See generally *Sampson v. General Elec. Supply Corp.,* 78 Ga. App. 2 (3) (50 SE2d 169) (1948); *Tek-Aid, Inc. v. Eisenberg,* 137 Ga. App. 99, 100 (223 SE2d 29) (1975).

3. We do not agree with defendant Fine that the agreement which he and the plaintiff signed after the roof's collapse constituted a full release of liability. That document provides as follows: "[I]n consideration of the foregoing agreement, it is agreed . . . (b) that you [the plaintiff] do hereby release, relieve and agree to hold me [Mr. Fine] harmless from and against any and all claims or demands of any kind whatsoever arising out of or relating to the premises, and your tenancy and occupancy thereof including, without limitation, your occupancy of the premises through the period ending on or before November 30, 1977, *except for any claims which you may have which are covered by my public liability insurance policy,* and (c) that you do hereby agree [to] . . . hold me harmless from and against any and all claims or damages of any kind whatsoever arising out of or relating to your occupancy of the premises during the period ending on or before November 30, 1977, as aforesaid . . ." (Emphasis supplied.) Sections (b) and (c) are apparently contradictory. It is a well established rule in the construction of contracts that in the event of such a conflict, the first provision prevails. See *West v. Randle,* 79 Ga. 28, 32 (3 SE 454) (1887); *Whitney v. Hagan,* 65 Ga. App. 849, 851-852 (16 SE2d 779) (1941). It is also a well established rule that ambiguities in writings are to be construed most strongly against the author or the party for whose benefit the writing was prepared, which, in this case, is the landlord. See Code Ann. § 20-704 (5); *Miller v. Adams-Cates Co.,* 64 Ga. App. 858 (14 SE2d 220) (1941); *Davis v. Boyd,* 118 Ga. App. 198 (162 SE2d 880) (1968). Accordingly, we find that paragraph (c) was not intended as a general release of liability. Defendant Fine also argues that paragraph (b) constitutes a general release; however, since paragraph (b) contains an express reservation of claims which are covered by the

defendant's liability policy, we must reject this argument as well.

4. For the foregoing reasons, the trial court was correct in granting summary judgment in favor of Gunter Roofing Company as to the plaintiff's complaint but erred in granting summary judgment to defendant Fine.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 4, 1980 — DECIDED FEBRUARY 25, 1980.

*David G. Crockett,* for appellant.

*Dan E. McConaughey, Stephen Goff, Jr., Fred W. Ajax, Jr., Harvey S. Gray, Paul M. Hawkins, Michael J. Goldman,* for appellees.