## 36211. SMOTHERS v. NELSON.

HILL, Justice.

In 1976, finding himself in financial difficulty and unable to obtain bank financing, Plezy Lee Nelson turned to his friend Homer Smothers. They agreed that Nelson would convey his farm (about 183 acres) to Smothers for $130,000. Smothers would use the property as security for a loan from the Federal Land Bank, the proceeds of which he would use to pay Nelson the $130,000. This sales agreement was put in writing. They further agreed that Nelson would

have the opportunity to repurchase the land from Smothers.

On March 1, 1977, Nelson conveyed the land to Smothers for $130,000, and on April 5, 1977, Nelson and Smothers entered into a written agreement giving Nelson an exclusive option to repurchase the property. This option agreement provided that the purchase price of the property was $130,000, the consideration for the option was $10,725.00 to be paid by April 12, 1977, and Nelson would pay Smothers $1,764.50 by November 20, 1977, as reimbursement for closing costs and taxes. These latter two sums were not to be credited toward the purchase price, but the agreement further provided for payments of $15,458.26 on November 20, 1977, which would be credited, as well as $10,725.00 rent due March 1, 1978. Thus the payment due on November 20, 1977, was $17,222.76. The option extended to December 31, 1978, provided the payments due on and before November 20, 1977, were made when due.

Nelson paid Smothers $10,725.00, the consideration for the option, on or before April 12, 1977. Prior to November 20, 1977, Nelson learned that he would not have the $17,222.76 due on that date as the Small Business Administration had informed him that they could not process his loan application by that time. An SBA official, a professor at Fort Valley State College who acted as a financial advisor to Nelson, and Nelson each testified that even prior to November 20 Smothers repeatedly agreed to accept payment at a later date when the loan came through. Based on these assurances, Nelson continued his efforts to secure the loan.

On January 17, 1978, Nelson, who had then obtained the SBA loan, met Smothers at what was to have been a closing and tendered the entire purchase price. Smothers declined the tender. Nelson then brought this action seeking specific performance of the option. The jury returned a verdict in favor of Nelson, and Smothers appeals.

1. Smothers argues that his motion to dismiss the complaint, his motion for directed verdict, and his motion for judgment notwithstanding the verdict should have been granted, as well as that the court erred in entering judgment on the verdict, because Nelson, not having complied with the terms of the original option, could not specifically enforce it, and the alleged extension agreement was not enforceable for a number of reasons (lack of consideration, statute of frauds, indefiniteness). It is unnecessary to consider the arguments as to the validity of the alleged extension agreement because, in our view, this case does not involve a contract to extend an option but rather involves the waiver of timely performance of one of the terms of the option. Thus *Broadwell v. Smith,* 152 Ga. 161 (108 SE 609) (1921), and *Gulf Oil Corp. v. Willcoxon,* 211 Ga. 462 (86 SE2d 507) (1955), which stand for the proposition that an agreement extending

the time for *exercise* of an option to purchase property is a new contract which must be supported by consideration, are inapposite, because in this case the extension of time related to an interim payment and Nelson's tender was made in compliance with the option agreement well before the time for exercise of the option. Here there was no new time for exercise of the option to purchase and hence no new option contract. Furthermore, although Smothers correctly maintains that time was of the essence as to the provision at issue because the option provided it would be null and void if the payments were not made when due, *Dulock v. Shiver,* 239 Ga. 604, 605 (238 SE2d 397) (1977), even where time is of the essence, timely performance may be waived orally. *Perry Development Corp. v. Colonial Contracting Co.,* 231 Ga. 666, 668-669 (203 SE2d 475) (1974). In sum, we find the evidence of waiver supported the verdict and the trial court did not err in its rulings on Smother's motions.

2. The remaining enumerations of error were either abandoned or constitute harmless error in that the trial court's charge required Nelson to prove more than was necessary.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 13, 1980 — DECIDED
SEPTEMBER 4, 1980.

*John R. Parks,* for appellant.
*William E. Smith,* for appellee.