0820

James B. EDWARDS, Respondent v. Helen V. ROUSE, Margie V. Hills, and Martha V. Ascue, individually and as executrices and trustees under the Will of Robert Vanderhorst, Sr., and Virginia Thompson Vanderhorst, Sr., Wilhelmina V. Griffith, Julia V. Brown, Robert Vanderhorst, Jr., John Henry Vanderhorst and Gloria A. Vanderhorst, Appellants.

(351 S. E. (2d) 174)

Court of Appeals

*O. Benjamin Peeples*, of *Peeples & Stringer*, Charleston, *for appellants.*

*Steven A. Spitz*, Columbia, and *Leonard L. Long, Jr.*, of *Long, Smith & Jordan*, Charleston, *for respondent.*

Heard Sept. 15, 1986.

Decided Dec. 1, 1986.

BELL, Judge:

James B. Edwards commenced this action for specific performance of a real estate option contract. The heirs of the optionor, Robert Vanderhorst, Sr., denied that the option was ever exercised or any sales contract executed. The master found that there was a contract and recommended specific performance. The circuit court judge concurred with the master and decreed specific performance. The heirs appeal. We affirm.

The facts of this case are largely undisputed. On March 18, 1967, Robert and Virginia Vanderhorst entered into a written option agreement with Arthur Liebenroud. Liebenroud paid the Vanderhorsts one hundred dollars and in return received an option to purchase a forty acre tract near Mt. Pleasant, South Carolina. The contract required Liebenroud to exercise the option within thirty days. The purchase price was $42,000, $5,000 to be paid at the closing and the remainder in monthly installments of $308.33 for ten years. The seller was to release one acre to the buyer for each $1,050 paid.

The day after the contract was executed, Liebenroud assigned his rights to Edwards. Edwards' attorney sent a letter purporting to exercise the option on April 18, 1967, one day after its expiration. After that date, Mr. Vanderhorst visited and spoke with Edwards' attorneys on several occasions attempting to assist in settling the title.

On June 20, 1967, Vanderhorst died. His wife and daughter continued to assist the attorneys with the title examination. On August 14, 1967, Mrs. Vanderhorst filed a petition for letters of administration for the estate of Mr. Vanderhorst. Sometime later, Helen V. Rouse, the Vanderhorsts' daughter, informed Edwards' attorney that the family did "not wish to go forward or sell [the] property." Edwards then instituted this action.

The master found that Edwards had exercised his option and that a valid contract of sale existed. The master further found that Mr. Vanderhorst's actions confirmed his acceptance of the contract. In the master's view, Mr. Vanderhorst, by his conduct after April 18, voluntarily waived his right to enforce the thirty day time limit on the option. The master also concluded that the heirs were estopped to challenge the contract's validity. For these reasons, the master recom-

mended specific performance of the contract. The circuit judge concurred in the master's findings.

The heirs appeal the circuit court's order and argue that (1) the option expired before Edwards' attorney exercised it, (2) Mr. Vanderhorst did not waive the option's time limit, and (3) the heirs are not estopped from asserting their rights.

The expiration of the option period is not at issue. Both the master and the circuit judge found that Edwards failed to exercise the option within the required thirty days, and Edwards has not challenged this finding. The issues on appeal are whether Vanderhorst could and did waive the time limit and whether the heirs are estopped to challenge the contract.

First we will consider whether, as a matter of law, Mr. Vanderhorst could waive his right to insist on timely exercise of the option.

This State follows the general rule that unless an ■■ optionee strictly complies with the time limits expressed in an option contract, specific performance will be denied. *Dargan v. Page*, 222 S. C. 520, 73 S. E. (2d) 705 (1952). Our courts have never expressly decided whether an optionor can waive the right to insist on strict compliance with the terms and conditions of an option. In *Cotter v. James L. Tapp Co.*, 267 S. C. 647, 230 S. E. (2d) 715 (1976), our Supreme Court confronted this issue, but found in that case that the optionor's conduct was not sufficient to constitute waiver. We now hold that an optionor can waive his right to require exercise of an option within the time period stipulated in an option contract.

Waiver is an intentional relinquishment of a known right. *Ellis v. Metropolitan Casualty Insurance Co.*, 187 S. C. 162, 197 S. E. 510 (1938). Waiver can consist of an expression of intention not to demand a certain thing. *South Carolina Tax Commission v. Metropolitan Life Insurance Co.*, 266 S. C. 34, 221 S. E. (2d) 522 (1975). This State has always recognized a party's right to waive strict compliance with a condition precedent. *See, e.g., White v. Felkel*, 222 S. C. 313, 72 S. E. (2d) 531 (1952) (defendant vendor who was aware that vendee had sold timber rights waived his right to require perfect title); *Ramsay v. Brailsford*, 2 S. C. Eq. (2 Des.) 582

(1808) (defendant vendor who took possession of house waived right to require delivery of paid up bonds prior to sale). There is no apparent reason why an optionor should not be able to waive his right to demand timely exercise of an option. If, notwithstanding the terms of the option, the parties wish to enter a binding contract, they should be at liberty to do so. The law exists to enforce agreements, not to thwart them. This rule is consistent with the holdings of the majority of courts that have considered this issue. *See e.g., Langley v. Stondall Land & Investment Co.*, 264 F. 474 (8th Cir. 1920); *Smothers v. Nelson*, 246 Ga. 216, 271 S. E. (2d) 137 (1980); *Welsh v. Jakstas*, 401 Ill. 288, 82 N. E. (2d) 53 (1948); *Wolff v. McCrossan*, 296 Minn. 141, 210 N. W. (2d) 41 (1973); *McCarty v. Helbling*, 73 Or. 356, 144 P. 499 (1914); *Works v. Wyche*, 344 S. W. (2d) 193 (Tex. Civ. App. 1961); *Clear View Estates, Inc. v. Veitch*, 67 Wis. (2d) 372, 227 N. W. (2d) 84 (1975).

Next we must consider whether Mr. Vanderhorst did in fact waive his right to require timely exercise of the option.

In an action at equity, when the master and circuit judge concur in a finding of fact, that finding will not be disturbed on appeal unless it is without evidentiary support or against the clear preponderance of the evidence. *Ex parte Guaranty Bank & Trust Co.*, 255 S. C. 106, 177 S. E. (2d) 358 (1970). In this case both the master and circuit judge found Mr. Vanderhorst's conduct following the April 18 letter confirmed the existence of a contract. The record on appeal, sparse as it is, provides adequate support for this finding. It is undisputed that Mr. Vanderhorst assisted Edwards' attorneys in searching the title. It may be true, as the heirs argue, that such conduct is consistent not only with the existence of a contract, but also with negotiations preliminary to a contract. Nevertheless, our standard of review in this case requires only that there be reasonable evidence supporting the existence of waiver and a contract. We therefore affirm the finding that Vanderhorst's conduct constituted a waiver of his right to insist on exercise of the option within the thirty day period.

Since we hold a valid contract existed between Mr. Vanderhorst and Edwards, we need not consider the issue of estoppel. The order of the circuit court is affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.