A95A0637. WESTMINSTER GROUP, INC. v. PERIMETER 400 PARTNERS et al.

(460 SE2d 827)

RUFFIN, Judge.

Westminster Group, Inc. ("Westminster"), a real estate broker, sued Perimeter 400 Partners ("Perimeter") for commissions it alleged were due under a 1984 commission agreement. The commission agreement concerned the lease of office space to a tenant in 1984. The 1984 lease had been renewed, and the renewal was due to expire on December 31, 1996. The same tenant signed another lease in 1993. Westminster seeks commissions from the 1993 lease on grounds that it was a renewal of the 1984 lease. The parties filed cross-motions for summary judgment and the trial court granted Perimeter's motion. Westminster appeals this ruling as well as the denial of its motion.

At the outset we note Westminster's total failure to number its arguments to correspond with its nine enumerations of error. This violation of Court of Appeals Rule 27 (c) (1) as well as Westminster's failure to distinguish and separately support each alleged error with argument and authority as required by the rule forces us to engage in the vexing exercise of sifting through the brief attempting to ferret out and align the various arguments and enumerations of error. Such places an unnecessary burden on this court.

Turning to the merits of the case, the record shows that the first sentence of the agreement is part of a printed form and was drafted by Perimeter. It reads as follows: "This agreement is limited to a term of ten (10) years or the original lease term plus all renewal options contained therein if for a term longer than ten (10) years." At this point in the agreement, by the word "years," is a handwritten footnote inserted by Westminster which reads "(11 years, 9 months)." The second sentence of the agreement is a typed insertion drafted by Westminster which states, "[c]ommissions will be paid on any renewal terms or expansion terms not set forth in the original terms of the base lease but occurring within the original term or any expansion or renewal thereof."

The trial court ruled that under the plain, unambiguous language of the agreement, Westminster was not entitled to commissions from the 1993 lease unless that lease expired on or before the eleven-year, nine-month term limitation set forth in the footnote of sentence one (by December 31, 1996). Because the 1993 lease expires in 2022, the court ruled no commissions were due.

1. Westminster argues that because the language of the agreement is ambiguous and capable of more than one interpretation, summary judgment was inappropriate. Specifically, it argues the court erred in concluding that commissions would be due for "the original term or any renewal or expansion thereof" as referenced in the typed insertion only if the renewal expired prior to the eleven-year, nine-month term referenced in sentence one. On the other hand, Westminster argues that because there is no dispute about the parties' intent under the agreement that it would be entitled to commissions for any renewal commenced within the eleven-year, nine-month term, it is entitled as a matter of law to a commission from the 1993 lease. Accordingly, it contends the trial court also erred in denying its motion for summary judgment.

We agree that the agreement is ambiguous. The first sentence appears to limit the time for which commissions must be paid to a maximum term of eleven years, nine months from the commencement of the lease. Meanwhile, the typewritten insertion appears to provide for the payment of commissions for as long as the 1984 lease continued to be renewed, provided that the renewal commenced during the original lease term or during a renewal of the original term. Because the conflicting language results in an ambiguity with respect to the length of time commissions were payable, the trial court should have applied the rules of construction to resolve the conflict.

"The intent of the parties is foremost in the construction of contracts. OCGA § 13-2-3. There are three steps in the process of contract construction. The trial court must first decide whether the contract language is ambiguous; if it is ambiguous, the trial court must then apply the applicable rules of construction (OCGA § 13-2-2). . . ." (Citation and punctuation omitted.) *Robert Half of Atlanta v. Diversitech Corp.*, 208 Ga. App. 427, 428 (430 SE2d 800) (1993).

One such rule of construction provides that "[a] typewritten provision must govern over a conflicting printed one." (Citations omitted.) *Quinlan v. Bell*, 189 Ga. App. 8, 9 (374 SE2d 823) (1988). Similarly, provisions which are specially inserted by a party take precedence over the printed provision of a form contract. *Atlanta Baggage & Cab Co. v. Loftin*, 88 Ga. App. 98 (1) (76 SE2d 92) (1953).

Under these rules, the second typewritten sentence which Westminster inserted would govern the first printed sentence such that commissions would be payable on any "renewal" "occurring" within a renewal of the original term, even if the renewal extended past the eleven-year, nine-month limitation. But keeping in mind that the fundamental rule in construing a contract is to ascertain the intent of the parties, we find it appropriate to consider parol evidence to confirm this construction. See *Tidwell v. Carroll Builders*, 251 Ga. 415 (1) (306 SE2d 279) (1983). (When a contract contains an ambiguity, illu-

minating parties' intent via parol evidence is appropriate.)

Examination of the testimony of the two individuals who prepared the leases confirms that the parties did not intend to confine the payment of commissions to renewals expiring within the eleven-year, nine-month period. Arnold Johns, the individual responsible for leasing office space on behalf of Perimeter's successor and who negotiated the terms of the commission agreement, testified that the parties intended for commissions to be paid so long as the lease was continually renewed. John Foley, the individual who negotiated the terms of the agreement on behalf of Westminster's predecessor, testified that the second sentence in the agreement was added in the event that the tenant Westminster procured renewed its lease beyond the eleven-year, nine-month period; the sentence ensured that if the tenant renewed the lease beyond the eleven-year, nine-month period, commissions would be paid.

Based on this evidence illuminating the parties' intent and the rules of contract construction, we find the trial court erred in ruling that, as a matter of law, Westminster is not entitled to commissions from the 1993 lease because the lease did not expire on or before the eleven-year, nine-month period. Accordingly, we reverse the grant of summary judgment to Perimeter.

2. We must still address whether Westminster was entitled to the commissions it sought as a matter of law and whether the trial court therefore erred in denying its motion for summary judgment. Perimeter argues Westminster is not entitled to the commission because the 1993 lease was not a "renewal" "occurring" within the original term as required by the second sentence.

"In construing a contract words generally bear their usual and common signification. [Cits.] If the words used are clear and unambiguous they are to be taken and understood in their plain, ordinary, and popular sense. [Cits.] Dictionaries supply the plain, ordinary and popular sense. [Cit.]" *Henderson v. Henderson*, 152 Ga. App. 846, 847 (1) (264 SE2d 299) (1979). Webster's Collegiate Dictionary (10th ed.) defines "occur" as "1. to be found or met with: appear 2. to come into existence. . . ." Accordingly, "occurring" as used in this agreement meant coming into existence during the original term or any renewal or expansion thereof, i.e., coming into existence before December 31, 1996, the day the last renewal expired. The trial court erred in ruling otherwise.

3. Having granted Perimeter's motion for summary judgment, the trial court did not address whether the 1993 lease was a renewal or an entirely new lease as Perimeter argues. This we must do in order to determine whether Westminster is entitled to the commission it seeks and whether the trial court erred in denying its motion for summary judgment.

In *Bd. of Regents &c. v. A. B. & E.*, 182 Ga. App. 671 (357 SE2d 100) (1987), the dispute between the parties involved an interpretation of an agreement in which the Regents agreed to pay commissions on tenant leases including "renewals and extensions" of the initial lease. We held that "[i]n deciding whether a succeeding lease is substantially a renewal of a preceding lease or altogether a new lease, the determination can be based on whether the succeeding lease employs *drastically different* terms, not simply somewhat different considerations, i.e., is the lessee occupying substantially the same space under substantially the same terms? If the succeeding lease employs substantially the same terms as the preceding lease, it may be considered a renewal even though technically a 'new' lease. [Cit.]" (Emphasis supplied.) Id. at 674.

When the 1984 lease is compared with the 1993 lease, it becomes obvious that the 1993 lease covers the same buildings and office space. While the 1993 lease provided for some additional expansion space, the commission agreement specifically contemplates expansion of the 1984 lease and provided for payment of commissions on any such expansion. Thus, under the 1993 lease, the tenant is occupying substantially the same space. Perimeter points to no other glaring difference in the terms of the two leases except a reduced rental rate in the 1993 lease. Although Perimeter fails to specifically reference where in the record the new rates are found, reviewing the rate schedules, we were able to locate does not reveal a "drastically" different rate schedule which would create an issue of fact as to whether the 1993 lease was a renewal of the 1984 lease under the *Bd. of Regents* standard.

4. Westminster contends the trial court erred in failing to award the commissions and prejudgment interest it sought on summary judgment. But Perimeter argues there is an issue of fact as to how to calculate the amount of any commissions which might be due. Likewise, Perimeter argues that prejudgment interest is unauthorized because the amount of the claim is not "fixed" given the dispute on how it should be calculated. The language at issue reads as follows: "All commissions shall be calculated using the rates applicable for the period as if the renewal option(s) were a part of the original lease." Perimeter argues that the provision clearly refers to the percentage rate (two percent) that is to be used in the calculation of commissions and that the 1993 schedule controls the calculation. In contrast, Westminster argues the provision relates to the rental schedule to be applied and that the higher 1984 rates control. We agree this language is ambiguous and therefore remand to the trial court for a ruling on the amount of commissions due under the provision as well as whether Westminster is entitled to prejudgment interest.

*Judgment reversed and remanded with direction. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JULY 13, 1995 —
RECONSIDERATIONS DENIED JULY 31, 1995 — 

*Arnall, Golden & Gregory, Ann S. Infinger, James A. Gober*, for appellant.

*Sutherland, Asbill & Brennan, Alfred A. Lindseth, Rocco E. Testani*, for appellees.