A96A1916. VASS v. GAINESVILLE BANK & TRUST.
(480 SE2d 294)

Judge Harold R. Banke.

Robert G. Vass, Sheriff of Hall County, appeals the summary judgment in favor of Gainesville Bank & Trust ("GBT") and further contends that he is entitled to summary judgment as a matter of law.

All American Bonding Company, Inc. ("All American") provided a standby letter of credit payable to Robert G. Vass, Sheriff of Hall County, in the amount of $100,000 to secure its outstanding bail bond obligations under OCGA § 17-6-15. GBT issued an irrevocable letter of credit (No. 146) to the Sheriff of Hall County on behalf of All American. The letter of credit became effective on April 18, 1993, and required that the Sheriff present a signed statement to GBT on or before April 18, 1994, certifying that the invoice(s) had been presented to All American for payment but remained unpaid for 30 days after presentment. The letter further required that claims made thereunder "must be presented on or before, 4/18/94, but subject to a claim made accuring [sic] prior to that date unless the Letter of Credit is cancelled by the Sheriff of Hall County."

On April 7, 1994, shortly before the expiration of the letter of credit, Vass, as Sheriff, presented a written demand to All American, requesting payment of $46,079 for judgments for delinquent bail

bonds pledged by All American. After All American refused this demand, Vass presented a written draft for payment under the letter of credit to GBT on April 18, 1994, the last day under the terms of the letter of credit. GBT refused to honor the demand because it was not worded properly. Meanwhile, All American contacted GBT and instructed the bank not to make any payment under the irrevocable letter of credit because 30 days had not passed since Vass presented the invoice(s) to it. All American cautioned GBT that it faced possible liability to All American if GBT made wrongful payment to Vass under the letter. Vass made another demand to GBT on May 9, this time certifying that the invoice had been unpaid for 30 days after its presentation to All American.

Following the rejection of the demands, Vass filed suit against GBT and All American seeking judgment for $46,079 plus interest. GBT cross-claimed against All American and its guarantors. The trial court granted summary judgment to GBT determining that Vass's failure to strictly conform with the requirements of the letter of credit excused the bank from making payment. *Held*:

1. Vass contends that the trial court incorrectly applied the rules of contract construction to the letter of credit in that the letter is ambiguous and requires parol evidence to illuminate the parties' intent.

Letters of credit are contracts and are subject to the same general principles that apply to other written contracts. *First Nat. Bank of Atlanta v. Wynne*, 149 Ga. App. 811, 816 (256 SE2d 383) (1979). According to the international document to which the letter was subject, "All credits must stipulate an expiry date for presentation of documents for payment, acceptance or negotiation" and subject to an exception not applicable here, "documents must be presented on or before such expiry date." See Art. 46 (a) and (b) of the Uniform Customs and Practice for Documentary Credits. The letter of credit at issue specified "on or before April 18, 1994" as the expiry date.

It is undisputed that the demand although made on April 18, 1994, did not satisfy all the conditions precedent in that it failed to state that the invoices were "still unpaid 30 days after such presentation" but instead stated that "the attached invoices have been presented to All American Bonding Company for payment and payment has been refused by All American Bonding Company." The omission of the requisite language was not due to an oversight. GBT's branch manager, Gregory Langford, testified that Vass's demand could not be worded otherwise because the invoices were not 30 days past due as of April 18. Vass's failure to specify that the invoices had been presented to All American and were unpaid 30 days after such presentation is not a minor deviation from the conditions precedent for payment according to the letter of credit. Compare *First Nat.*

*Bank v. Wynne*, 149 Ga. App. at 815-817.

GBT, as the issuer of the letter of credit, had a duty to examine the documents Vass submitted with care so as to ascertain that on their face they appeared to comply with the terms of the credit letter. OCGA § 11-5-109 (2). Because the documents submitted to GBT failed to strictly comply with the terms of the letter of credit, GBT had no obligation to honor Vass's demand. *Wynne*, 149 Ga. App. at 814.

Vass contends that the misspelling or mistyping of "accuring," created ambiguity as to the meaning of the phrase "must be presented on or before, 4/18/94, but subject to a claim made accuring [sic] prior to that date. . . ." He argues that the contracting parties intended to allow for claims accruing before April 18 but not fully maturing until after that date if the claims remained unpaid by All American for 30 days after presentment. Vass's ambiguity argument is undercut by evidence that it was the Sheriff who specifically required and drafted the language used and also rejected the use of GBT's standard form. Even if the meaning of "accuring" is ambiguous, any such ambiguity must be construed most strongly against the drafter of the contract, Vass.[1] OCGA § 13-2-2 (5); *Kennedy v. Brand Banking Co.*, 245 Ga. 496, 500 (2) (266 SE2d 154) (1980). Nor has Vass offered any evidence that the parties' intent was contrary to the otherwise plain and unambiguous terms of the letter. In fact, Langford testified that it was his understanding that under no circumstances would GBT have paid a claim after April 18.

Although the trial court agreed that the sentence containing "accuring" was ambiguous, it resolved the matter by using the established rule of construction that in the event of a conflict, the first provision prevails over the latter ambiguous language. *Wilner's, Inc. v. Fine*, 153 Ga. App. 591, 594 (3) (266 SE2d 278) (1980). The court found all other aspects of the letter to be "clear, specific, and unambiguous." Where the terms of a contract are otherwise plain on the face of the contract, and the trial court applies the applicable rules of construction to resolve an ambiguity, the construction of a contract remains a question of law for the trial court. *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986); OCGA § 13-2-1; see *Westminster Group v. Perimeter 400 Partners*, 218 Ga. App. 293, 294 (1) (460 SE2d 827) (1995). We find no error in the trial court's interpretation of the contract. Therefore, GBT was entitled to summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

---

[1] The two preceding letters of credit between the Sheriff of Hall County and GBT dated April 1992 and April 1991 also use the same spelling for "accuring."

2. Because GBT was entitled to summary judgment, the trial court correctly denied Vass's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., Beasley, Johnson and Smith, JJ., concur. Andrews, C. J., McMurray, P. J., Pope, P. J., and Blackburn, J., dissent.*

MCMURRAY, Presiding Judge, dissenting.

As my application of the same authority differs from my colleagues in the majority, I respectfully dissent from the affirmance of summary judgment to defendant Gainesville Bank & Trust ("the Bank") in Sheriff Vass' contract action on a letter of credit issued by the Bank to secure the outstanding bail bond obligations of All American Bonding Company, Inc. to Hall County. I further dissent from the denial of summary judgment in favor of Sheriff Vass.

"[I]f from all the documents presented to the issuer . . . there is substantial compliance with the terms of the letter of credit *and* there is no possibility that the documents submitted could mislead the issuer to its detriment, there has been compliance with the letter of credit. [Cits.]" (Emphasis in original.) *First Nat. Bank of Atlanta v. Wynne*, 149 Ga. App. 811, 814 (1), 817 (256 SE2d 383). In my view, the failure to allege that the submitted invoices were "still unpaid 30 days after such presentation," is not a material variance, upon which the issuing Bank proved that it reasonably relied to its detriment. Rather, such a condition precedent is an implied premise, subject to confirmation by amendment as events warrant. Otherwise, an overly strict application of this form of the notice requirement in the Bank's letter of credit would make it impossible for the Sheriff to comply with that certification during the last 30 days of coverage. This would render the certain date of expiration superfluous and defeat the very purpose of issuing the letter of credit.

According to OCGA § 17-6-15 (b) (1), "the sheriff shall publish and make available written rules and regulations defining acceptable sureties and prescribing under what conditions sureties may be accepted." These rules and regulations are deemed to constitute a part of the letter of credit issued to a bonding company to secure that bonding company's obligations to the county, as if fully incorporated. " ' "[W]hatever is included in [such a letter of credit] which is not thereby required must be read out, and whatever is not expressed and ought to have been incorporated must be read in, so as to conform to the requirements of the law." ' *Home Indem. Co. v. Battey Machinery Co.*, 109 Ga. App. 322, [325 (2),] 326-327 [(2) (a)] (136 SE2d 193), and cases cited therein." *Wooten v. G. M. H. Auto Sales*, 187 Ga. App. 331, 334-335 (2) (370 SE2d 165). In my view, Sheriff Vass reasonably interpreted the Bank's form of an acceptable certification as permitting an *amendment* to show that invoices submitted by the certain expiration date were, 30 days *thereafter*, still unpaid.

That interpretation gives meaning to the reasonable intentions of all parties and beneficiaries under the letter of credit, and consequently should be read into the letter of credit issued as security for the public obligations owed by All American Bonding Company to Hall County. I conclude that Sheriff Vass, and not the Bank, is entitled to summary judgment, because the Sheriff's certification was in substantial compliance with the reasonable mutual intendment of the parties. As my colleagues in the majority would nevertheless affirm the unwarranted grant of summary judgment to the Bank, I respectfully dissent.

I am authorized to state that Chief Judge Andrews, Presiding Judge Pope, and Judge Blackburn join in this dissent.

DECIDED JANUARY 16, 1997 — 

*Stewart, Melvin & Frost, William H. Blalock, Jr.*, for appellant.
*Hulsey, Oliver & Mahar, Joseph D. Cooley III, Abbott S. Hayes, Jr., Douglas E. Smith*, for appellee.