S99A1043. BENEDICT v. SNEAD et al.

(519 SE2d 905)

CARLEY, Justice.

Samuel Benedict (Purchaser) entered into a contract to buy a cottage on St. Simon's Island from James and Cheryl Snead (Sellers). The contract set a closing date of "on or *before before* April 15, 1998." (Emphasis supplied.) At the closing, the Purchaser was to pay the approximate $11,000 balance of the purchase price. The contract contained a merger clause, specified that any modification must be in writing, and provided that time was of the essence. The closing was scheduled for April 15, but that date passed without a tender by the Purchaser of the $11,000. On April 17, the Sellers' realtor advised the Purchaser that the agreement had expired. On April 20, however, the Purchaser sent the closing attorney $5,000 as an apparent partial payment. The Sellers refused to accept the money, and so informed the Purchaser. The Purchaser attempted no further tender but, on April 29, he filed suit against the Sellers, seeking specific performance of the agreement. After discovery, the trial court granted summary judgment in favor of the Sellers, and the Purchaser appeals.

If a contract for the sale of land expressly provides that time is of the essence, the buyer's failure to tender the purchase price by the specified date is a bar to his action for specific performance. *Dulock v.*

*Shiver*, 239 Ga. 604 (238 SE2d 397) (1977). Accordingly, the Purchaser's failure to pay the $11,000 by April 15 is a complete defense to this action, if the original contract controls and provides in fact for a closing date of April 15. The Purchaser urges, however, that the contract itself does not provide that the closing date is April 15, but "on or before before" April 15, and that "before before" April 15 must be construed as no later than midnight of April 14. Thus, he asserts that, by agreeing to close on April 15, rather than by April 14, the Sellers, in effect, waived the original provision making time of the essence, and entered into a quasi-new agreement for a subsequent closing date which was not contractually essential. See OCGA § 13-4-4; *Smith v. General Finance Corp.*, 243 Ga. 500 (255 SE2d 14) (1979).

"[E]ven ambiguous contracts are to be construed by the court unless an ambiguity remains after application of applicable rules of construction . . . ." *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986). Therefore, the principles of contract interpretation apply to construe the ambiguity arising from the duplication of the word "before" in the original contract. One of those rules is that a scrivener's error should not be permitted to defeat the clear intention of the parties, as otherwise evidenced by the entirety of the contract. *Tillman v. Webb & Co.*, 17 Ga. App. 620 (87 SE 904) (1916). Here, the agreement does not indicate that the parties intended that the sale close not later than April 14. Had a closing by April 14 been the intent, it would have been a simple matter to insert that specific date, rather than to provide for it circuitously by specifying a closing "on or before before" April 15. One of the "befores" was printed in the form contract and the other was added by typewriter. Considering the contract as a whole, it is apparent that the addition of the typewritten "before" constitutes no more than an inadvertent and superfluous error on the part of the drafter. "Any mistake in a contract, consisting of some unintentional act or omission, and manifestly a mere clerical error, in no sense changing the contract or the relations of the parties thereto, is relievable at law . . . ." *Gaulding v. Baker*, 9 Ga. App. 578 (71 SE 1018) (1911).

Another applicable rule of construction is that "provisions which are specially inserted by a party take precedence over the printed provision of a form contract. [Cit.]" *Westminster Group v. Perimeter 400 Partners*, 218 Ga. App. 293, 294 (1) (460 SE2d 827) (1995). Applying this principle, the typewritten "before" controls over, and is not in addition to, the printed one. No rule of construction mandates that an unnecessary duplication of a word or phrase obviates the otherwise apparent contractual intent of the parties. The intention of the parties controls and "should be given effect regardless of mere literal repugnancies in different clauses of the [agreement]." *Keith v. Chastain*, 157 Ga. 1 (1) (121 SE 233) (1923).

Application of the rules of construction establishes that the closing date set by the original contract was April 15, not April 14. Under the agreement, a closing by April 15 was essential and any modification of that closing date would have to be in writing. The Purchaser did not tender the purchase price by April 15 and did not obtain a written modification setting a subsequent closing date. Under these circumstances, the trial court correctly granted summary judgment in favor of the Sellers. *Dulock v. Shiver*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999 —
RECONSIDERATION DENIED OCTOBER 29, 1999.

*Joseph H. King, Jr.*, for appellant.
*McGee & Oxford, Donald L. Cook, Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, James G. Williams,* for appellees.