## A05A0050. KHATIB v. BOLTON.
(614 SE2d 811)

MILLER, Judge.

Wael Khatib appeals from the trial court's grant of judgment in favor of Margaret Bolton in the amount of $41,360 on Bolton's claim for rent owed by Khatib under a lease-purchase agreement. We affirm.

On June 25, 2001, Khatib signed a purchase and sale agreement to purchase certain real property from Bolton. Under the agreement, Khatib was obligated to pay Bolton $50,000 in earnest money, and pursuant to the special stipulations added to the agreement, $6,000 each month in rent until closing. Closing was to take place on February 15, 2002. Both parties agree that Khatib paid the $50,000 in earnest money, and that he paid rent only from July 2001 to January 2002. There is no evidence that the closing ever took place, and in July 2002 Bolton sued to recover rent owed by Khatib beginning in February 2002. Following a hearing, the trial court found that Bolton did not regain possession of the premises until August 2002, and ruled that Khatib was liable to Bolton for monthly rent from February 1, 2002, through August 8, 2002, plus late fees.

On appeal, Khatib argues that the liquidated damages provision in the purchase agreement precludes Bolton's recovery of the monthly rent and limits damages to the $50,000 earnest money. Although the purchase agreement provides that Bolton is entitled to retain the earnest money as liquidated damages in the event of Khatib's breach of the purchase agreement, the fact remains that Khatib was allowed possession of the premises in July 2001 and was obligated to pay rent to Bolton up until the time of closing. Since the closing did not occur, Khatib was also responsible for paying rent as long as he remained in possession of the premises. "[His] possession was under the rental arrangement as a tenant pending completion of the sale and not as a purchaser." (Citations omitted.) *Dulock v. Shiver*, 145 Ga. App. 874, 876 (245 SE2d 74) (1978). Therefore, the trial court did not err in granting judgment in favor of Bolton.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 5, 2005.

*Dietrick, Evans, Scholz & Williams, Scott A. Schweber*, for appellant.

*Dreger, Coyle, McClelland, Bergman & Pieschel, Nicholas J. Pieschel, Kenneth P. Robin*, for appellee.